# THE WABASH RAILWAY COMPANY

## *v.*

# THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield June 10, 1891.*

1. DISTRICT ROAD TAX—*how collected—duty of overseer of highways and supervisor.* If the district road tax shall not be collected pursuant to law, the overseer of highways is required to make return of that fact to the supervisor of his town, in the manner required by section 110 of the Road act; and the supervisor is, by section 116 of that act, to receive such returns and lay the same before the board of supervisors, and by section 117 it is made the duty of that board to cause the amount shown to be in arrears or unpaid, to be levied on the lands returned, and to be collected as other taxes.

2. The power by the statute vested in the board of supervisors is supervisory, only. If the returns are in conformity with the law, the board has no discretion whatever to exercise. The board is not required to exercise any power of taxation, or to invest any officers or body with such power, but merely to cause the proper officers to exercise a power already possessed by them. If those officers discharge their duties there is no need for any affirmative action by such board.

3. The requirement in section 110 of the Road act, that "every overseer of highways shall deliver to the supervisor of his town * * * the lists furnished by the commissioners of highways, containing the land and personal road tax, with an affidavit thereto," is clearly to furnish evidence of the fact of delinquency. But this is not jurisdictional.

4. SAME—*jurisdiction to extend.* The jurisdictional facts are the levy of the tax by the commissioners, and the failure to pay it by the person lawfully charged. The defaulting tax-payer is not interested in the affidavit. He may show that the tax has, in fact, been paid. If he does not do so, it does not concern him that the proper authorities have acted on less or different evidence. The failure to make such affidavit does not affect the substantial justice of the tax itself.

5. It is not indispensable to the authority of the county clerk to extend the district road taxes upon the tax books, that the board of supervisors shall first make an order directing him to make such extension.

6. The testimony of the county clerk that he extended district road taxes from the lists on file, and not under any order of the board of supervisors, as no such order was made, does not negative the presumption that the "lists" were properly before the board, and the *prima facie* case made by the collector's return must control.

7. SAME—*validity of—depends on what.* The validity of a district road tax as a charge against the property liable thereto, depends alone upon the action of the commissioners of highways under section 33 of chapter 121 of the Revised Statutes, and not upon any affirmative action of the board of supervisors.

APPEAL from the County Court of Christian county; the Hon. V. E. FOY, Judge, presiding.

Mr GEORGE S. GROVER, and Mr. G. B. BURNETT, for the appellant:

Section 110, chapter 121, of the Revised Statutes, requires the overseer of highways to deliver to the supervisor of his township, and at least five days previous to the annual meeting of the board of supervisors, the road tax lists, with an affidavit thereto. We submit that the delivery of such lists, with the accompanying affidavit, is jurisdictional. They must be filed in the time prescribed by the statute, or else no action can be taken upon them by the board.

The case falls within the familiar rule, that in acts like this, which are wholly statutory, and which operate *in invitum*, the utmost strictness must be observed, and the record itself must show an exact compliance with the statute, else the whole proceedings will be void from beginning to end. For the same reason, as these lists show that they were sworn to and filed with the county clerk long after the time fixed by law for the annual meeting of the board of supervisors, the necessary implication arises that no action was ever taken upon them by that board, so that there could have been no valid levy of the taxes set forth in said lists. 2 Starr & Curtis' Stat. sec. 110, chap. 121, p. 2167; *Railway Co. v. Comrs. of Highways,* 117 Ill. 279; *Stock Yards v. People,* 127 id. 22.

As it appears from the record that the board of supervisors of Christian county never caused this tax to be levied, and that the delinquent lists were never submitted to the board for their action, and that the board never took any action whatever, in any manner, concerning them, the extension of such taxes by

the county clerk upon the tax books for said year was wholly unauthorized by law, and therefore the People were not entitled to judgment against the property of appellant.

The statute provides that the levy of delinquent district road taxes shall be made by the board of supervisors. That body alone has power to make the levy. The duties of the county clerk are simply ministerial. He has no authority, except to extend the tax when the board of supervisors has ordered it done. Until such order is made by the board of supervisors he has no authority to take any action respecting such tax. 2 Starr & Curtis' Ann. Stat. sec. 117, chap. 121, p. 2168; *Leachman* v. *Dougherty*, 81 Ill. 324; *Railway Co.* v. *Comrs. of Highways*, 117 id. 279; Cooley on Taxation, (1st ed.) p. 247; Burroughs on Taxation, 398.

Mr. Joseph C. Creighton, State's Attorney, and Mr. James B. Ricks, for the appellees:

The errors complained of are merely irregularities, and do not affect the substantial justice of the tax. *Railroad Co.* v. *Surrell*, 88 Ill. 535; *Moore* v. *Fessenbeck*, 88 id. 422; *Buck* v. *People ex rel.* 78 id. 560; *People ex rel.* v. *Clayton*, 115 id. 150.

Failure of the collector to swear to a delinquent list does not affect the jurisdiction of the court. *Fisher* v. *People*, 84 Ill. 491; *Trust Co.* v. *Weber*, 96 id. 346.

The fact that the delinquent lists were never submitted to the board of supervisors, and that they never acted upon them, are simply irregularities, and do not go to the substantial justice of the tax, nor to the jurisdiction of the court. *Gage* v. *Bailey*, 102 Ill. 11; *Purrington* v. *People*, 79 id. 11; *Railway Co.* v. *People*, 116 id. 232.

Mr. Justice Scholfield delivered the opinion of the Court:

Appellant interposed several objections to the rendering of judgment by the county court against it for delinquent district road taxes, which that court overruled, and those objections

are now insisted upon as grounds of reversal.   They present only these questions : First, is it indispensable to the authority of the county clerk to extend the district road taxes upon the tax books, that the board of supervisors shall first make an order directing him to make such extension; and second, is it indispensable to the validity of a judgment for such taxes that the delinquent lists required to be made out and returned by the overseers of highways shall be sworn to.   In our opinion the answer to both must be in the negative.

*First*—It is provided by section 83, chapter 121, of Starr & Curtis' Statutes, (vol. 2,) that "the commissioners of highways of each town shall annually ascertain, as near as practicable, how much money must be raised by tax on real and personal property, and railroad property known as 'railroad track' and 'rolling stock,' for the making and repairing of roads, only, to any amount they may deem necessary, not exceeding forty cents on each one hundred dollars worth, as equalized and assessed by the State Board of Equalization, for the purposes of taxation for the previous year, and shall levy and assess the same as a road tax against said property."   The validity of the tax, as a charge against the property, thus depends only upon the action of the commissioners of highways; but if the tax shall not be collected, pursuant to the several provisions relating to that subject, the overseer of highways is required to make return of that fact to the supervisor of his town, in the manner required by section 110 of that act, and the supervisor is required by section 116 of the act to receive such returns of the overseer of highways, and to lay the same before the board of supervisors; and by section 117 of the act it is made the duty of the board of supervisors "to cause the amount of arrearages of the road tax returned by the overseer of highways to the supervisors, as provided in section 110 of this act, to be levied on the lands returned, and to be collected in the same manner that other taxes of the county are levied and collected, and to order the same, when collected, to be paid over

to the commissioners of highways," etc. It is manifest that the only power vested thereby in the board of supervisors is supervisory, only, and that if the returns are in conformity with the law, the board has no discretion whatever to exercise. It will be observed that the board is not itself required to exercise any power of taxation, or to invest any officers or body with such power, but merely to cause the proper officers to exercise a power already possessed by them. They are to cause an existing duty to be performed,—that is, to supervise it,—and to cause action where action shall be needed; but manifestly, their duty is fully performed when the officers do, without direction from the board, precisely what the board is required to cause them to do. Whether the officers shall act of their own motion, or not until directed by the board, can obviously concern no one but the officers and the board, so long as it was the plain and undoubted duty of the board to direct the officers to do precisely—no more and no less—what the officers should have done without being directed. The public is only concerned to know that the facts existed which made it incumbent on certain officers to cause the tax to be extended, and that the tax was extended by the officers upon whom devolved the clerical duty of making the extension.

In *Gage* v. *Bailey*, 102 Ill. 11, an objection was urged against a tax title that the county board did not levy the tax in question, and it was answered: "It was no more the business of the county board to *levy* the town taxes than it was its duty to *collect* such taxes. It was only the duty of the board to *cause* the charges so certified to be levied on the property of the town and collected as 'other taxes are levied and collected.' It stands admitted the town taxes were in fact levied, and no complaint is made that any greater sum was levied than ought to have been extended for collection. * * * The manner of causing town taxes to be levied, even if the board omitted or neglected to make any record of its action, did not and could not affect injuriously the tax-payer." And in *Peoria,*

*Decatur and Evansville Ry. Co.* v. *The People,* 116 Ill. 242, speaking of a like question, we said: "The affirmative act of filing them" (the certificates of levy of commissioners of highways) "with the clerk is conclusive that they are satisfactory and that they are filed with the clerk to be extended, for otherwise the order would be that they be not filed. When filed with the clerk they can be filed for no other purpose than that of extension, and his duty, under the law, to then proceed and extend the levies, at once attaches."

There was nothing decided in *Leachman* v. *Dougherty,* 81 Ill. 324, nor in *Ohio and Mississippi Ry. Co.* v. *Commissioners of Highways,* 117 id. 279, asserting a contrary ruling to that hereinbefore indicated, for in both those cases it affirmatively appeared that the "certificates" and "lists" by virtue of which the respective taxes were levied were not returned to the board of supervisors. The evidence offered here by appellant was only the testimony of the county clerk that he extended the tax "from the lists as they are and appear in evidence, and not by any order of the board of supervisors, as no such order was made," does not negative the presumption that the "lists" were properly before the board of supervisors, and the *prima facie* case made by the collector's return must therefore control. *Moore* v. *The People,* 123 Ill. 645.

Since this case has been pending on a petition for rehearing we have reached and announced a like conclusion as that herein indicated in *Wabash Ry. Co.* v. *The People,* 138 Ill. 303.

*Second*—The delinquent district road tax is to be collected "in the same manner that other taxes of the county are levied and collected." (See sec. 117 of statute, *ubi supra.*) The requirement in section 110 of that statute, that "every overseer of highways shall deliver to the supervisor of his town * * * the lists furnished by the commissioners of highways, containing the land and personal road tax, with an affidavit thereto," is clearly to furnish evidence of the fact of delinquency. But this is not jurisdictional. The jurisdictional facts are the levy

of the tax, and the failure to pay it by the person lawfully charged. The defaulting tax-payer is not interested in the affidavit. He may show that the tax has, in fact, been paid; but if he shall not do so, it does not concern him that the proper authorities have acted upon less or different evidence in that respect than they might have required. The objection does not affect the substantial justice of the tax itself, and it is therefore untenable. 2 Starr & Curtis' Stat. sec. 193, chap. 120, p. 2087; *St. Louis, Vandalia and Terre Haute Railroad Co.* v. *Surrell*, 88 Ill. 535; *Fisher* v. *The People*, 84 id. 491; *Union Trust Co.* v. *Weber*, 96 id. 346.

The judgment is affirmed.

*Judgment affirmed.*