THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY
*v.*
THE PEOPLE *ex rel.* McKee, County Treasurer.

*Opinion filed June 18, 1898.*

1. Taxes—*road tax assessed against railroad need not be apportioned among road districts.* Sections 83 and 84 of the Road and Bridge act of 1883 (Laws of 1883, p. 156,) do not require that highway commissioners shall apportion the valuation of railroad property, and the amount of road tax assessed against it, among the several road districts. (*Ohio and Mississippi Ry. Co.* v. *People,* 119 Ill, 207, followed.)

2. Same—*road tax list need not be signed by all the commissioners.* A road tax list need not be signed by all the highway commissioners to render the tax valid, it being sufficient if signed by a majority.

3. Same—*affidavit of delinquency to road tax list not jurisdictional.* An affidavit of delinquency to a road tax list is not essential to the jurisdiction of the court to entertain an application for judgment, and if the party assessed fails to show payment he cannot complain that judgment was given on less or different evidence than might have been required.

4. Same—*one objecting to tax has burden of showing its invalidity.* One objecting to the enforcement of a tax has the burden of showing its invalidity, the presumption being that the tax is just and that the officers have discharged their duties with respect thereto.

5. Same—*what not sufficient to overcome presumption of regularity of tax proceedings.* The presumption that a road tax was levied by the electors at the annual town meeting is not overcome by proof of what purports to be a record of the meeting of highway commissioners at which they attempted to levy the tax, where the record of the town meeting is not produced or its absence accounted for.

6. Same—*when record of town meeting may be amended at trial.* Under section 191 of the Revenue act (Rev. Stat. 1874, p. 890,) the court may, upon hearing an application for judgment on an unpaid road tax list, permit record of annual town meeting to be amended, upon testimony of town clerk that a motion to vote the tax, shown by the record to have been made, was in fact carried.

Appeal from the County Court of DuPage county; the Hon. John H. Batten, Judge, presiding.

A. W. Pulver, (E. E. Osborn, and Lloyd W. Bowers, of counsel,) for appellant.

Mazzini Slusser, (Leonard E. DeWolf, of counsel,) for appellee.

Mr. Justice Wilkin delivered the opinion of the court:

This is an appeal from a judgment rendered in the county court of DuPage county, against the Chicago and Northwestern Railway Company, for delinquent taxes levied against its property in the towns of Milton, Wayne and Winfield, in that county. Upon the application of the county collector for judgment the company filed

certain objections, which were overruled and judgments entered as prayed.    The objector appeals.

It is first contended on the part of appellant that its property in the town of Milton was not properly listed for a road tax included in the assessment by the highway commissioners, because the valuation of the railway property to be taxed, and the amount of the tax, were not apportioned among the several road districts in the town, but its whole property placed upon one separate list, and hence the levy of that tax is illegal, being contrary to sections 83 and 84, *et seq.*, of chapter 121 of our statutes.    (Starr & Curtis' Stat.—2d ed.—3587.)    That it is unnecessary, under a proper construction of the provisions of the statute referred to, to distribute the valuation of railway track and the amount of taxes according to road districts, was decided in the case of *Ohio and Mississippi Railway Co.* v. *People,* 119 Ill. 207.    No claim is made that the tax upon appellant's property has been in any way increased by the manner of apportioning the same. The controlling question here is, whether a list was actually made showing the tax against appellant's property, and that fact sufficiently appears from the record.

It is also objected that the list extending the tax in said town was not signed by all of the highway commissioners.    We do not understand it to be necessary to the validity of the tax that all should sign the road tax list. To so hold would make it impossible for a majority of the commissioners to transact the business of the town. Here a majority of them did sign the list, and that was all that was necessary.

It is further claimed that there is no oath of delinquency to the list for the town of Milton, as required by the statute.    No attempt was made to show that the tax has been paid.    The affidavit is not jurisdictional.    What was said in the case of *Wabash Railway Co.* v. *People,* 138 Ill. 316, applies with equal force to this and each of the other foregoing objections, viz.: "The jurisdictional facts

are the levy of the tax, and the failure to pay it by the person lawfully charged. The defaulting tax-payer is not interested in the affidavit. He may show that the tax has in fact been paid, but if he shall not do so it does not concern him that the proper authorities have acted upon less or different evidence in that respect than they might have required." The most that can be said here is, that the matters pointed out by appellant in its objections are mere irregularities, which do not affect the substantial justice of the tax itself and hence do not vitiate the levy. Starr & Curtis' Stat. (2d ed.) sec. 191, p. 3471.

The next contention is, that the town tax levied against the property of appellant in the town of Wayne is illegal. It appears that upon the hearing the town clerk, at the instance of appellant, produced in evidence the transcript of that which purported to be the record of a meeting of the board of highway commissioners of the town of Wayne at which (as appears from the transcript) the board proceeded to certify the amount of taxes necessary for town purposes, and it is insisted that the levy for town taxes cannot be made in this manner,—*i. e.,* by the commissioners of highways. This proposition is not denied. Appellee contends, however, that it does not appear from the record in this cause that the tax in question is the result of or was made upon this irregular levy. In the absence of contrary proof the presumption is that another and proper levy was made. No evidence was introduced by objector tending to show that a correct levy, by properly constituted authorities, was not made. As said in the case of *Peoria, Decatur and Evansville Railway Co.* v. *People,* 116 Ill. 401 (on p. 409): "Any one objecting to the enforcement of a tax assumes the burden of showing its invalidity. The presumption is that the tax is just,—that all officers who had any official connection with it have properly discharged their duties in respect to it. These presumptions can only be overcome by clear and explicit testimony." This being the rule, the

presumption is that the tax in question was levied by
the electors at the annual town meeting, and to over-
come this presumption it is not sufficient to merely show
that the highway commissioners undertook to make a
levy of a tax for town purposes.   No record of the town
meeting was introduced nor its absence accounted for.
The county clerk, or other person cognizant of the facts,
could have been called upon to show that the tax was
extended upon an illegal levy, if such was the case.   But
this was not done.   There is no evidence in the record
showing that the paper introduced, or a certificate based
upon the action of the meeting of which the paper pur-
ports to be a report, was filed in the office of the county
clerk.   Under this state of facts the county court prop-
erly assumed that the tax was extended upon a proper
certificate.

The last contention is, that the court erred in render-
ing judgment for delinquent taxes against the property
of appellant in the town of Winfield, because the town
tax was not voted by the electors at the annual town
meeting, as required by law.   To sustain this objection
the record of the town meeting was introduced, showing:

"Annual town meeting held the 7th day of April, 1896. * * *

"*Third*—Supervisor Chandler recommended that $1100 be
raised for the year 1896, to meet the expenses of said town of
Winfield.

"*Fourth*—On motion of John J. Klein, seconded by A. Camp-
bell, that there should be a tax of $1100 levied on all real and
personal property, railroad, telegraph and express company
property, to meet the expenses of said town.

"On motion of Charles Kruse the meeting adjourned."

It was insisted that this record fails to show any ac-
tion on the motion to vote the tax, and hence the levy
is void.   To overcome the objection, the town clerk, who
was present at the meeting, was called, and testified that
the motion was in fact carried.   Thereupon the court per-
mitted him to amend the minutes of the meeting to show

that fact.   This action of the court is urged as error, it being insisted that it is permitting the impeachment of a lawful record by parol.   While, as a general proposition, the evidence would be incompetent, the cases cited in support of the contention here are not applicable to the case.   As shown by the testimony, the minutes of the proceedings were erroneous because of the omission of an officer of the meeting to perform his duty.   As to errors and informalities on the part of officers connected with the assessment, levy and collection of taxes, section 191 of the Revenue act, *supra,* expressly provides: "And no error or informality in the proceedings of any of the officers connected with the assessment, levying or collecting of the taxes, not affecting the substantial justice of the tax itself, shall vitiate or in any manner affect the tax or the assessment thereof;  and any irregularity or informality in the assessment rolls or tax lists, or in any of the proceedings connected with the assessment or levy of such taxes, or any *omission* or defective act of any officer or officers connected with the assessment or levying of such taxes, may be, *in the discretion of the court*, corrected, supplied and made to conform to law by the court, or by the person (in the presence of the court) from whose neglect or default the same was occasioned."   The objection is not one going to the substantial justice of the tax.   It was within the discretion of the court, under this statute, to permit the amendment.   See, also, *People* v. *Smith*, 149 Ill. 549.

We are satisfied that each of the objections urged by appellant in the county court was properly overruled, and its judgment will be affirmed.

*Judgment affirmed.*