THE PEOPLE *ex rel.* Wm. R. Browning, County Treasurer,

*v.*

CHICAGO AND EASTERN ILLINOIS RAILROAD COMPANY *et al.*

*Opinion filed February 21, 1905.*

1. APPEALS AND ERRORS—*when railroad company's right to object to taxes cannot be questioned.* If a railroad company, in its objections to a tax, avers that it is the owner of the railroad against which the tax is levied, and no question is made as to its right to file the objections, which are heard on their merits and an appeal perfected by the collector, the question of its right to object cannot be raised on appeal.

2. TAXES—*when levy of town tax is not sufficient.* A certificate of the town clerk for the levy of a tax for "town purposes" of forty cents on the $100 is sufficient, but the levy itself is unlawful where the record of the levy at the town meeting does not show that the tax was levied for any specific purpose, but only for "town purposes" generally.

3. SAME—*what does not affect validity of road and bridge tax.* If the record discloses that a certificate of levy for road and bridge taxes in regular form was presented to the board of supervisors and acted upon by it, the tax should not be defeated because it is not definitely shown that the certificate was handed to the supervisor of the town five days before the meeting and by him presented to the board.

4. SAME—*when road and bridge tax is invalid.* While it is not necessary to the validity of a certificate by highway commissioners of a levy for road and bridge taxes that it specify the particular purposes for which the tax is levied, yet the tax is invalid if the record of the levy does not show that it was made for the specific purposes, or any of them, for which the commissioners were authorized to make a levy.

5. SAME—*what is not a delinquent list for road district.* The original lists, made by the commissioners of highways under section 84 of the Road and Bridge act, not sworn to and having no payments noted thereon, are not such lists as are required by section 110 of said act to be turned over by the overseer of the district to the supervisor of his town as the delinquent list of his district, there being no evidence they were ever presented and payment of the tax demanded by any one authorized to collect it.

APPEAL from the County Court of Franklin county; the Hon. JAMES P. MOONEYHAM, Judge, presiding.

C. H. LAYMAN, and T. J. MYERS, for appellant.

W. S. CANTRELL, (E. H. SENEFF, and W. W. BARR, of counsel,) for appellees.

Mr. CHIEF JUSTICE RICKS delivered the opinion of the court:

At the June term, 1904, of the county court of Franklin county, appellees, the Chicago and Eastern Illinois Railroad Company and the St. Louis, Alton and Terre Haute Railroad Company, by their attorneys, each filed objections to the application of the county collector for judgment and order of sale against their respective lands advertised as delinquent for town taxes. The St. Louis, Alton and Terre Haute Railroad Company also filed additional objections to the road and bridge tax of the townships of Benton and Cave, and also to the district road tax of the town of Benton. Objections were filed by both appellees to the town tax of the towns through which they run and operate their roads. Upon hearing, the objections filed by appellees were sustained and judgment for the various amounts was denied, from which judgment the county collector prosecutes this appeal.

The substance of the various objections to the tax for town purposes, filed by both appellees, is, that no vote was taken by the electors of the various towns through which they operate their roads, and that the county clerk extended the tax on certificates of the several town clerks, each of which showed a levy in a "gross sum;" and the objections by the St. Louis, Alton and Terre Haute Railroad Company to the road and bridge tax and district road tax are, that the delinquent list, as provided for in section 110 of the road and bridge law, was not delivered to the various supervisors of the respective towns five days before their annual town meet-

ing, and that the statement of the amount of tax to be raised, as provided in section 119 and required to be made and certified by the highway commissioner to the supervisors, was not complied with.

The first contention of appellant is, that the Chicago and Eastern Illinois Railroad Company has no right to be heard in this court for the reason that it does not own and operate a road through Franklin county, but it does appear from the record that the Chicago and Eastern Illinois Railroad Company averred in its objections filed in the county court, among other things, that it was the owner of and operating the Chicago, Paducah and Memphis railroad, running through said county; and it is further argued by appellant that no evidence was offered to show that it did so own said railroad or that it was interested in the lands charged to be delinquent. It is sufficient to say of this contention that no motion was made by counsel for appellant to strike the objections of the Chicago and Eastern Illinois Railroad Company from the files and no question was raised in any way as to its right to have its objections heard, and the cause having been heard on its merits on such objections and the appeal having been perfected by the county collector, the question of the right of the Chicago and Eastern Illinois railroad to appear and have its objections heard cannot be raised for the first time on appeal to this court. *Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 205 Ill. 538.

Inasmuch as the objections filed by the respective appellees as to town taxes are substantially the same, these objections will be disposed of together.

The certificates of the town clerks of the towns of Denning, Frankfort, Browning and Tyrone show a levy for town purposes in a gross sum, and that of the town of Ewing shows a levy of forty cents on the $100 for "town purposes," and neither of the certificates stated any specific sum of money to be raised for any specific purpose; nor did the record of the levy as made at the annual town meeting show

that the town tax for either of said towns was levied for any specific purpose, but, as shown by the certificates, it was levied for "town purposes" generally. Upon the authority of *Cincinnati, Indianapolis and Western Railway Co. v. People,* 212 Ill. 518, the certificates of levy were sufficient, but the levies themselves were not made as the law requires, (*People* v. *Chicago and Alton Railroad Co.* 194 Ill. 51,) and the objections were properly sustained to the taxes of those towns.

In relation to the town tax of the town of Benton, however, the record of the annual town meeting was introduced, showing that at the time the levy was made the specific purposes for which the tax was required were designated, as follows: "Care of poor, $900; for pay of town officers, $300; for incidental expenses, $150,—making a total of $1350." When this evidence was introduced and admitted, upon motion of appellant the court permitted the certificate of levy to be amended by the town clerk by inserting the above items. This amendment was objected to by appellees on the ground that it came too late, being after the tax had been extended; that the witness who testified as to the record did not make the same, and that the item for the care of paupers is not a proper town charge. It is now urged that it was error to admit the amendment because the record fails or does not sufficiently show that the tax was levied by the vote of the electors present. This last objection was not urged in the court below and cannot be insisted upon here for the first time. The objections that were urged in the court below were specific, and cannot by any method of construction be held broad enough to cover the point now insisted upon. The objections made in the court below are not now urged or insisted upon by the appellees and will be considered waived.

With reference to the road and bridge tax of the town of Benton, the record shows that there was filed in the office of the county clerk, September 8, 1903, the day of the annual meeting of the board of supervisors, a certificate of levy

214—13

dated September 1, 1903, in due and regular form certifying a levy of $1400, specifying the objects of the levy and stating the rate per cent of taxation as forty cents on the $100. This certificate is designated as "Exhibit C" in the record in this case. The county clerk was sworn, and testified that the certificate was laid before the county board, and the record of the meeting of the board of supervisors of that date contains the following: "Moved and seconded that the levy of the commissioners of highways of each township be approved; motion carried," and the clerk testified that it was upon this certificate and record that he extended the taxes. The supervisor of Benton township was put upon the stand, and stated that he did not remember whether the certificate was delivered to him and by him delivered to the board of supervisors; that he could not recollect whether such certificate was ever presented to him, but if it was, he would deliver it to the county clerk. The contention is this levy is void because it does not sufficiently appear that the certificate of levy was delivered to the supervisor five days before the annual town meeting of the board of supervisors and by him laid before the board.

We think the record sufficiently shows a levy of the tax and the presentation of it to the board of supervisors, and that it was considered by it. It would seem unreasonable to hold, merely because it was not definitely shown that the certificate of levy was in fact handed to the supervisor five days before the annual meeting of the board and by him laid before the board, that the tax should be defeated, when the record clearly discloses that the only purpose for presenting it to the supervisor, namely, that it should be laid before the board at its annual meeting, was effected. The supervisor of the town is charged with no duty in regard to it except to lay it before the board. He has no power to revise it and the board is not to be controlled by any recommendation that he may make in regard to it. He is a mere messenger pointed out by the statute to deliver it. It was laid before the board

and the board acted upon it, and that was the substantial
thing, and to hold that the tax should be defeated because it
was presented by the county clerk instead of the supervisor
would be the sacrifice of substance to form, and a total dis-
regard of the provision of the third paragraph of section 191
of chapter 120, entitled "Revenue," which provides that "no
error or informality in the proceedings of any of the officers
connected with the assessment, levy or collecting of the
taxes, not affecting the substantial justice of the tax itself,
shall vitiate or in any manner affect the tax or the assess-
ment thereof." This latter paragraph also confers authority,
upon the application for judgment, for the correction of any
of the proceedings or lists connected with the assessment or
levying of the taxes.

*Wabash Railway Co.* v. *People*, 138 Ill. 316, was a case
involving questions relating to the levy of district road taxes.
The statute with reference to that requires that the lists held
by the overseers of highways shall be sworn to by them,
showing the payment upon the lists, and that those items and
names opposite which no payments are, are to be the delin-
quent list, and the delinquent list shall be delivered to the
supervisor five days before the annual town meeting and by
him laid before the board. The proceeding is the same with
reference to both the district road tax and the road and
bridge tax. In the case above mentioned it did not appear
that the lists were delivered to the supervisor, nor did it ap-
pear that the board of supervisors acted upon the same, but
it did appear that the lists were filed with the county clerk
and that he extended the tax as shown by the lists. In speak-
ing of this omission it is there said (p. 320) : "It is manifest
that the only power vested thereby in the board of supervis-
ors is supervisory, only, and that if the returns are in con-
formity with the law, the board has no discretion whatever
to exercise. It will be observed that the board is not itself
required to exercise any power of taxation or to invest any
officers or body with such power, but merely to cause the

proper officers to exercise a power already possessed by them. They are to cause an existing duty to be performed,—that is, to supervise it,—and to cause action where action shall be needed; but, manifestly, their duty is fully performed when the officers do, without direction from the board, precisely what the board is required to cause them to do. Whether the officers shall act of their own motion or not until directed by the board can, obviously, concern no one but the officers and the board, so long as it was the plain and undoubted duty of the board to direct the officers to do precisely—no more and no less—what the officers should have done without being directed. The public is only concerned to know that the facts existed which made it incumbent on certain officers to cause the tax to be extended, and that the tax was extended by the officers upon whom devolved the clerical duty of making the extension." This case contains a discussion of a number of the earlier cases in which remarks of the court had been seized upon as a basis for strict construction of these statutes.

We are obliged to keep before us the necessity of taxation, and the fact that all the machinery of taxation, except the mere extension of the taxes, is confided to the local authorities, and that all the citizens of the local municipalities are eligible to the offices which compose the taxing body. The legislature was not unmindful of this when it enacted the broad saving provisions of section 191 of the Revenue act. To expect the ordinary citizen to observe every possible formality and the strict letter of the statute concerning non-essentials,—matters that cannot affect the substantial justness of the tax,—and to defeat the tax if that be not done, upon technical objection that some mere form has not been complied with, is, in a sense, to defeat the means of government itself. Such was not the intention of the law and is not the duty of the courts. In the case last above cited the delinquent lists were not sworn to by the overseers of highways, and it was urged that that was fatal to the tax. It

was said (p. 321) : "The list furnished by the commissioners of highways, containing the land and personal road tax, with an affidavit thereto, is clearly to furnish evidence of the fact of delinquency.  But this is not jurisdictional. The jurisdictional facts are the levy of the tax and the failure to pay it by the person lawfully .charged.  The defaulting tax-payer is not interested in the affidavit.· He may show that the tax has, in fact, been paid; but if he shall not do so it does not concern him that the proper authorities have acted upon less or different evidence in that respect than they might have required.  The objection does not affect the substantial justice of the tax itself, and it is therefore untenable."

As to the road and bridge tax of the town of Cave, the record shows that on September 1, 1903, a levy was made by the commissioners of highways "of forty cents on the $100 of all property in the township for road and bridge fund."  The certificate of the levy was sufficient if ·the levy itself had been made as required by section 119 of the Road and Bridge law and specified the objects of the levy.  As it did not appear from the record the levy was made for the specific purposes, or any of them, for which the commissioners, under said section, were authorized to make a levy, the court properly sustained the objection.  *People* v. *Chicago and Alton Railroad Co. supra.*

We are now brought to a consideration of the district road tax levied against the appellee the St. Louis, Alton and Terre Haute Railroad Company in Cave township, judgment for which was refused.

By section 83 of chapter 121, in relation to roads and bridges, commissioners are authorized to levy an annual tax "for the making and repairing of roads only, to any amount they may deem necessary, not exceeding forty cents on each $100 worth," etc.  By section 84 they are required to make a list of the lands in the district, with the name of the owner, and a list of "railroad track" and "rolling stock" in the road district, and also a list of the names, in alphabetical order, of

the personal property tax-payers, and set opposite each tract of land the value thereof, and opposite each tax-payer's name the amount of his personal assessment on personal property, and opposite the name of each owner of railroad property known as "railroad track" and "rolling stock" the value thereof, and opposite each valuation or assessment extend the tax assessed thereon. This list is to be prepared by the commissioners of highways and filed with the town clerk in his office. By section 85 the town clerk is required to make a copy of each list so filed with him for each road district and deliver it to the overseer of highways, who is to collect the tax, and by section 110 the overseer of highways is to turn his list over to the supervisor of his town, noting all payments that have been made on the same and swear to the same as the delinquent list from his district. Certain lists made under these provisions, and claimed to be authority for the extension of this tax, were introduced in evidence, but an examination of them discloses that they all are the original lists made by the commissioners of highways and filed with the town clerk, and not the lists made by the town clerk and delivered to the overseers. They are not sworn to, were not returned to the supervisor, and there is some doubt whether they were acted upon by the board of supervisors. They could not be regarded as delinquent lists. A delinquent list is that which remains unpaid after demand or notice of an officer having authority to collect. So far as these papers and this record show, these lists were never in the hands of anyone authorized to collect them. There are no payments noted and no evidence that they were ever presented to anyone and notice or demand of payment made, and they cannot be treated as delinquent lists conferring authority, by the approval of the county board or otherwise, to levy or extend a tax. We think the court properly refused judgment for that tax.

Except as relates to the town tax and the road and bridge tax, both of the town of Benton, the judgment of the county

court is affirmed. As to said town tax and road and bridge tax the judgment is reversed and the cause is remanded for further proceedings in conformity to this opinion. Appellees will pay one-half of the costs of this appeal.

*Reversed in part and affirmed in part.*