THE PEOPLE *ex rel.* Wallace Young, County Treasurer,

*v.*

DANIEL PRUST *et al.*

*Opinion filed December 20, 1905.*

1. DRAINAGE—*collector's report is not limited to taxes due for that year.* The county collector's report of delinquent drainage assessments is not limited to the year for which the report is made, but may include assessments which fell due in former years and also those due and unpaid on the 10th of March of the next year.

2. SAME—*when failure of collector's return to give year assessments were due is not fatal.* Failure of the county collector's return, the caption of which recites that it is a list of lands reported for the year 1904, to specifically state that certain drainage assessments were due in March of 1905 is not fatal, where the drainage treasurer's report, on which the collector's report was based, expressly states that the assessments were due March 1, 1905; and the omission may be corrected on application for sale.

3. SAME—*collector's return need not show what assessment is for nor to whom payable.* Where the report of the treasurer of a

drainage district identifies the delinquent assessments as a special drainage tax for a certain district it is not essential that the county collector's return show what the assessments are for nor to whom they are payable when collected.

4. SAME—*affidavit of drainage treasurer to report of delinquent assessments is not jurisdictional.* The affidavit of the treasurer of a drainage district to his report to the county collector of delinquent assessments is not jurisdictional, and it is not error for the court, on application for judgment of sale, to permit an affidavit to be filed curing the defect.

APPEAL from the County Court of Clark county; the Hon. EVERETT CONNELLY, Judge, presiding.

JAMES W. CRAIG, Jr., (EDWARD C. CRAIG, of counsel,) for appellant.

H. R. SNAVELY, and GOLDEN, SCHOLFIELD & SCHOLFIELD, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

At the June term, 1905, of the county court of Clark county, the county collector made application for judgment and order of sale against certain lands of appellees for delinquent drainage district assessments due drainage district No. 1 of the town of York, in that county. Appellees filed objections to the application, and upon a hearing the court sustained each and all of them and entered judgment in favor of appellees and against appellant. From this judgment appellant has perfected his appeal to this court, and assigns as errors the sustaining of each and every one of said objections.

Section 106 of chapter 42 (Hurd's Stat. 1903, p. 747,) provides that it shall be the duty of the treasurer of each and every drainage district to make out a certified list of all delinquent lands upon which taxes remain unpaid, and on or before March 10 of each year he shall file said list with the

county collector of the county in which such lands shall lie. The return above provided for was made by the treasurer of district No. 1 of the town of York, the material parts of which are as follows: "To Wallace Young, county collector: I, Harry B. Dulaney, treasurer of drainage district No. 1 of York township, of the county of Clark and State of Illinois, do hereby certify that the following is a correct list of the delinquent lands upon which the assessment due March 1, 1905, with interest at six per cent from that date, remains unpaid, to-wit:" Then followed a list of owners, together with the description of each piece of land and the amount due upon each.

Section 106 of chapter 42, *supra,* also provides that after this list is filed with the county collector it shall be his duty to transfer the amounts therein specified to the tax books in his hands, setting down therein opposite the respective tracts of land, in proper columns prepared for that purpose, the amount due upon each tract or lot, and there shall be like proceedings for the collection of said tax as in case of State and county tax. Section 182 of chapter 120 (Hurd's Stat. 1903, p. 1539,) provides that after the first day of April the county collector shall give notice, by publication in the newspaper, of the delinquent lands returned to him, together with notice of application for sale and the date upon which the sale will begin. Section 188 of the same chapter provides that the county collector shall transcribe into a book prepared for that purpose, and known as the tax judgment sale, redemption and forfeiture record, the list of delinquent lands and lots, which shall be made out in numerical order and contain all of the information necessary to be recorded, at least five days before the commencement of the term at which application for judgment is to be made, which book shall set forth the name of the owner, the proper description of the land, the year or years for which the tax is due, the valuation on which the tax is extended, the amount of tax, costs, charges, etc.

In compliance with the three above sections the county collector, Wallace Young, on May 29, 1905, filed with the county clerk a list of delinquent lands and lots, including the lands of appellees. The caption of that list is as follows: "A list of lands and town lots reported by Wallace Young, county collector of revenue, for the year A. D. 1904, in the county of Clark and State of Illinois," etc. Then followed a list of names of owners, including appellees, together with descriptions of land, and over the columns containing the amounts were the words "Special drainage tax." In the oath of the collector attached to the list he made affidavit that the foregoing was a true and correct list of the delinquent lands and lots within the county of Clark upon which he was unable to collect the tax and special assessments.

Upon the hearing the appellant asked leave to amend the delinquent list of the treasurer of the drainage district by attaching an affidavit of said treasurer reciting that the foregoing list was the delinquent list of the lands in Clark county in said drainage district; that said list contained the lands upon which assessments were made by the drainage commissioners of said drainage district for drainage purposes and which the affiant could not collect; that said assessments were due on March 1, 1905, and drew interest at the rate of six per cent per annum from date, and that the respective amounts set opposite the respective tracts of land and charged thereto were the amounts assessed against the said tracts of land and remain due and unpaid at the time of the returning of the delinquent list, and the same had been filed with the county collector of Clark county. The court refused to allow the amendment to be made.

The above recitals are those necessary to be considered in determining the validity of objections filed by objectors.

The first objection is, that the delinquent list recites that the tax is due for the year 1904, when in fact the lands of objectors were not taken into the district until 1905 and no assessment was due and payable for the year 1904. If any

objection could be made to the petition it would be that it
did not comply with the statute for the reason that the col-
lector had failed to mention in his return any specific year
for which the delinquent taxes were due. In the caption he
recites that it is a list of lands and town lots reported for the
year 1904, while the affidavit attached to it states that the
list is for the year or years therein set forth. It does not
state that the taxes are due for the year 1904, but does state
that the report is made for the year 1904. This report, un-
der the provisions of the statute, does not necessarily include
only taxes for the year 1904, but may include special assess-
ments which fell due in prior years, and also those which
were due and remained unpaid on March 10 of the next
year. The lands of appellees were not taken into the district
until January, 1905, and the report of the treasurer ex-
pressly stated that the assessments were due March 1, 1905.
The statute made it the duty of the treasurer to report these
delinquent taxes to the county collector. The specific objec-
tion made by appellees is not sustained by the record, and
even if it was, it was a mere informality or omission on the
part of the county collector, which could have been corrected
if the point had been specifically raised. *Peoria, Decatur and
Evansville Railway Co.* v. *People,* 141 Ill. 483; *Mix* v.
*People,* 106 id. 425.

The second and third objections are, that the return of
the county·collector does not show to whom the assessment
is due or what the special assessment is for, so that the county
collector could know in what column to place it and so the
tax-payer can know what assessment he has paid. We deem
it sufficient to say that no section of the statute has been
called to our attention requiring this to be done. Section 106
of chapter 42 and sections 182 and 188 of chapter 120 con-
tain nothing with reference to the omission complained of.
The report of the treasurer specified that the amounts due
were for special drainage tax of district No. 1, and the lands
of appellees were situated in that district and in no other.

This information sufficiently informed appellees what assessment they were paying and also enabled the county collector to turn over to the proper parties the amounts derived from the same, which was all that was necessary, and appellees had no valid ground for complaint in that respect.

The fourth objection is, that the delinquent list returned to the county collector by the drainage treasurer does not show in what county or State the land is situated, so that the county collector can know what land to extend the taxes against and so the tax-payer can know what land he is paying for. An examination of the return of the treasurer will show that there is sufficient information in his report so that the lands may be definitely located. They are described in particular sections, townships and ranges. Even if the description was not proper, appellant made application to the court to amend his return so as to specifically cover the alleged omission, which the court refused to allow.

The fifth objection is, that the report of the treasurer is not sworn to. We have held in the case of *Chicago and Northwestern Railway Co.* v. *People*, 174 Ill. 80, that the affidavit required is not jurisdictional and that the defaulting tax-payer is not interested in the affidavit; that he may show that the tax has in fact been paid, but if he shall not do so, it does not concern him that the proper authorities have acted upon less or different evidence in that respect than might have been required. The amended affidavit offered by the appellant also cured this defect, and the court committed error in refusing to permit it to be made.

The appellee Jeff Cline also objects that certain of his lands were not in the district. The record shows that a stipulation was entered into by the parties to the effect that the lands of the objectors returned delinquent and on which this drainage tax was sought to be collected were taken into the drainage district in January, 1905, and were classified and assessed by the drainage commissioners, and that the assessment was due March 1, 1905.

From an examination of all of these objections we are convinced that they should have been overruled. It is nowhere claimed that the tax was not properly levied by the proper parties or that it had been paid, and no reason was assigned why it should not be paid. There is no objection to the substantial justice of the tax, and under the many decisions of this court appellees' objections should not have prevailed. (*St. Louis, Rock Island and Chicago Railway Co.* v. *People,* 147 Ill. 9; *Buck* v. *People,* 78 id. 560.) Section 191, chapter 120, (Hurd's Stat. 1903, p. 1541,) provides that any error or informality in the proceedings of any of the officers connected with the assessment, levying or collecting of the taxes not affecting the substantial justice of the tax itself shall not vitiate or in any manner affect the tax or the assessment thereof, and any irregularity or informality in the assessment roll or tax list, or in any proceeding connected with the assessment or levy of such tax, or any omission or defective act of any officer connected with the assessment or, levy of such tax, may, in the discretion of the court, be corrected, supplied and made to conform to the law by the court or by the person from whose neglect or default the same was occasioned. If these objections were specifically made in the court below and insisted upon, the corrections could have been permitted under the above section and the objections overruled.

The county court committed reversible error in its rulings and its judgment must be reversed. The cause will be remanded, with directions to the county court to overrule each of said objections and enter a judgment and order of sale in conformity with the views herein expressed.

*Reversed and remanded.*