THE PEOPLE *ex rel.* Joseph Brockamp, County Collector, Appellee, *vs.* THE CHICAGO AND ILLINOIS MIDLAND RAILWAY COMPANY, Appellant.

*Opinion filed December 17, 1913.*

1. TAXES—*the method prescribed by statute must be followed.* Where the statute prescribes a certain method to be adopted in order to subject property to the burden of taxation, that method must be substantially complied with before the property can be taken and sold in satisfaction of a tax.

2. SAME—*amendments cannot be made which add matter essential to validity of levy.* Upon application for judgment and order of sale for a delinquent tax, amendments are allowed with great liberality and may properly be allowed where there has been an attempt to comply with the law and the attempt is ineffective on account of some informality or clerical error, but they cannot be allowed where they add matter which is essential as a basis for the levy of the tax.

3. SAME—*the delinquent road tax lists not sworn to cannot be amended on application for judgment.* Failure of the overseers of the respective road districts to sign and swear to the delinquent road tax lists, as required by section 110 of the Roads and Bridges act, is a matter which goes to the validity of the tax levy, and the required affidavit cannot be supplied by amendment upon application for judgment and order of sale. (*People* v. *C., L. & C. Ry. Co.* 256 Ill. 280, followed; *Wabash Ry. Co.* v. *People,* 138 id. 316, and *C. & N. W. Ry. Co.* v. *People,* 174 id. 80, disapproved.)

APPEAL from the County Court of Christian county; the Hon. C. A. PRATER, Judge, presiding.

H. L. CHILD, (WILSON, WARREN & CHILD, of counsel,) for appellant.

HARRY B. HERSHEY, State's Attorney, and W. B. Mc-BRIDE, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is an appeal from a judgment of the county court of Christian county against the property of appellant for the district road taxes in districts numbered 1, 4 and 5, in South Fork township.

The township was under the labor system, and the objection made by appellant to the application of the county collector for the judgment was, that the delinquent road tax lists from which the taxes were extended by the county clerk had not been signed or sworn to by the overseers of the respective districts, as required by section 110 of the Road and Bridge law. The court permitted amendments of the lists by having affidavits attached which were signed and sworn to by the overseers, whereupon the objection was overruled and judgment rendered.

In the case of *Wabash Railway Co.* v. *People,* 138 Ill. 316, it was decided that the failure of an overseer to make the affidavit required by section 110 does not affect the sub-

260 — 40

stantial justice of the tax and that the affidavit is not essential to the validity of a judgment for district road taxes. This conclusion was reached upon the grounds that the taxes are levied by the commissioners of highways, with a power in the board of supervisors which is merely supervisory and without discretion; that the only purpose of the affidavit is to furnish evidence of the fact of delinquency, and that the defaulting tax-payer has no interest in the question whether the affidavit is made or not, because he may show, in defense of an application for judgment, that the tax has, in fact, been paid. That decision was followed in *Chicago and Northwestern Railway Co.* v. *People,* 174 Ill. 80, but the court took a different view in *People* v. *Cincinnati, Lafayette and Chicago Railway Co.* 256 id. 280, *People* v. *Illinois Central Railroad Co.* id. 416, *People* v. *Chicago, Indiana and Southern Railroad Co.* id. 443, and *People* v. *Kankakee and Seneca Railroad Co.* id. 453, where it was held the delinquent list without the affidavit required by the statute was not a sufficient basis for a levy of the tax. It is true that the commissioners of highways determine how much money shall be raised and make out the lists, but the tax can be paid in labor under the direction of the overseer of highways, and it never becomes a tax against property until the list is delivered by the overseer to the supervisor, sworn to as provided by the statute, and the board of supervisors causes the tax to be levied on the lands returned. Although the rate is fixed by the commissioners, no tax upon lands is levied until the board of supervisors makes the levy, which by the statute must be based on a return of an overseer, sworn to by him. The taxes which are delinquent are those which remain unpaid after demand or notice by an officer having authority to collect them, and by the statute the taxes against lands are to be levied by the board of supervisors against the property shown by the list and affidavit of the overseer to be delinquent. (*People* v. *Chicago and Eastern Illinois Rail-*

*road Co.* 214 Ill. 190.) Where the law prescribes a certain method to be adopted to subject property to the burden of taxation that method must be substantially complied with before the property can be taken and sold in satisfaction of a tax. Accordingly it was held that if a delinquent list has not been delivered to the town supervisor or placed before the board of supervisors by him or any other person the proceedings cannot culminate in a tax on property. (*People* v. *Chicago, Burlington and Quincy Railroad Co.* 164 Ill. 506.) If the affidavit, as formerly decided, is needless for the protection of the tax-payer and he has no interest in the question whether it is made or not no amendment was required in this case, but if it was essential as a basis of the levy of a tax against the lands shown by the list to be delinquent no amendment would render the tax valid. If the statute only authorizes the levy of a tax by the board of supervisors on lands shown to be delinquent by a list sworn to, to allow an amendment upon application for a judgment would not be a correction of an irregularity but would amount to making a levy at the time of the amendment. Amendments are to be allowed with great liberality, but they can only be allowed where there has been an attempt to comply with the law and the attempt is ineffective on account of some informality or clerical error. Under the decision in *People* v. *Cincinnati, Lafayette and Chicago Railway Co. supra,* the delinquent lists without signatures or affidavits did not afford a lawful basis for the levy of a tax, and amendments adding matter essential to the validity of the levies when made did not validate them.

The judgment is reversed and the cause remanded, with directions to sustain the objection and deny the application for judgment.

*Reversed and remanded, with directions.*