THE PEOPLE *ex rel.* Louis J. Gauss, County Collector, Appellee, *vs.* THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Appellant.

*Opinion filed April 20, 1916.*

1. TAXES—*rulings may be reviewed although no exception to judgment is preserved.* The rulings of the court in a proceeding for judgment and order of sale for taxes may be reviewed on appeal though no exception to the judgment of the county court is preserved by a bill of exceptions, as section 81 of the Practice act, as amended in 1911, obviates the necessity for preserving exceptions to adverse rulings of the court by a bill of exceptions.

2. SAME—*probation officers are not county officers.* The probation officers whose appointment is authorized by section 14 of the Mothers' Pension act, by section 9 of the act providing a system of probation and by section 6 of the act concerning the establishment of juvenile courts are not county officers, and the amount of their salaries cannot be included in an item of a tax levy for "salaries of county officers."

3. SAME—*what does not overcome presumption that the meeting was held as required by law.* The mere fact that the pages of the record of the highway commissioners introduced in evidence fail to show that the August meeting to fix the road tax rate was held is not sufficient to overcome the legal presumption that the meeting was held, where there is no proof that the meeting was not held or that there was no record of such meeting.

4. SAME—*when the road and bridge tax must be held invalid.* Where the town clerk testifies that there is no record of the two meetings of the highway commissioners to fix the tax rate and to determine the amount required for roads and bridges, it is incumbent upon the People to prove that the meetings were held and to amend the record to show that fact, and if no such proof is made the tax must be held invalid.

5. SAME—*objection which might have been obviated cannot be first raised on appeal.* An objection that the certificates of levy in certain townships recite that the levy was made for the year 1914 instead of 1915 is one which might have been obviated had it been urged in the trial court, and it cannot be urged for the first time on appeal.

APPEAL from the County Court of Peoria county; the Hon. CHESTER F. BARNETT, Judge, presiding.

J. A. CONNELL, and JACK, IRWIN & JACK, for appellant.

C. E. McNEMAR, State's Attorney, (GEORGE A. SHURT-LEFF, and CLARENCE D. MURPHY, of counsel,) for appellee.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Peoria county overruling objections filed by the Chicago, Burlington and Quincy Railroad Company, appellant, to a part of the county tax ($38,000) levied "for salaries for county officers and deputies," and the road and bridge taxes in seven townships in Peoria county. Objections to other taxes filed in the county court are not here involved.

The objection to the county tax was that $33,500 more money was levied than was authorized for the payment of county officers' salaries which are required to be paid by general taxation. The county court held $23,102.90 was valid for the purpose for which the tax was levied and that the excess was invalid. A judgment was rendered against appellant for county taxes on the basis of a levy of the amount the county court held to be valid, and to that extent the county tax extended against appellant's property was reduced. The objections to the road and bridge taxes were to the forms of the certificates filed by the commissioners of highways with the county board, and to the records or want of records of the August and September meetings of the board of commissioners provided for by sections 50 and 56 of the Road and Bridge law.

It is first contended by appellee that the bill of exceptions fails to show any exception of appellant to the judgment of the county court, and it is for that reason insisted no question is preserved for review on this appeal. We held in *Miller* v. *Anderson*, 269 Ill. 608, that under section 81 of the Practice act, as amended in 1911, preserving exceptions to adverse rulings of the court by bill of excep-

tions was not necessary to have the rulings reviewed by a court of review.

An item of the levy for county taxes of $38,000 for the payment of salaries of county officers was objected to. The court sustained the objection as to $14,897.10 but sustained the levy in the sum of $23,102.90 and abated the county tax against the appellant's property proportionately. The amount of the county tax for the payment of county officers' salaries which the court held valid included $4400 for the payment of the salaries of probation officer, (denominated mothers' pension agent,) adult probation officer and two juvenile probation officers. It is insisted the court erred in not excluding the sum for the payment of their salaries from the levy for the payment of the salaries of county officers, for the reason that they are not county officers. Those positions are provided for by section 14 of the Mothers' Pension act, being paragraph 311 of chapter 23 of Hurd's Statutes; by section 9 of the act providing for a system of probation, being paragraph 509*i* of chapter 38, and juvenile probation officers are provided for by section 6 of the act relating to the establishment of juvenile courts, being paragraph 174 of chapter 23. All of them are appointed by the court and hold office during the pleasure of the court appointing them and are subject to removal at will. Some of their duties are prescribed by statute, but the court appointing them is authorized to prescribe duties of such officers and require their performance. They do not perform any of the duties of county officers but are officers of the court appointing them and their duties are limited to assisting the court. Their compensation cannot be provided for by a tax levy to pay the salaries of county officers. The court erred in not deducting the further sum of $4400 from the tax levy to pay the salaries of county officers and reducing the amount of appellant's county tax proportionately.

The proof to support appellant's objection that no meeting of the commissioners was held in Limestone township

between the first Tuesday in August and the first Tuesday
in September was the testimony of the town clerk.   He was
asked by appellant if he had with him the record of the
commissioners showing the meetings at which the road and
bridge tax was levied and replied he had.   He produced a
book which he said was the book referred to.   Appellant
offered in evidence page 37 of the book, which was the
record of a meeting of the commissioners held on April 21,
1914, but no mention was made at that meeting of a levy of
a tax.   Appellant also offered page 38, which was a record
of a meeting of the commissioners held the first Tuesday in
September, and recited the commissioners determined on a
levy of $9000 for road and bridge purposes.   Page 39 was
introduced in evidence, and showed a special meeting of the
commissioners was held April 14, 1915.   We do not think
this was sufficient proof that no meeting was held between
the first Tuesday in August and the first Tuesday in Sep-
tember, as required by the statute.   The presumption is that
the taxing authorities proceeded according to law and that
the tax was properly levied, and this presumption must be
overcome by clear and explicit testimony by an objector who
seeks to prove that the levy was not made according to law.
(*Chicago and Northwestern Railway Co.* v. *People,* 174 Ill.
80.)   The pages of the record introduced in evidence do
not show the August meeting was held, but there was no
proof that no such meeting was, in fact, held or that there
was no record of such meeting.   We do not think the proof
was sufficient on the part of objector to overcome the legal
presumption that the commissioners properly discharged
their duties in levying the tax.   ·

As to the road and bridge tax of Elmwood township, the
town clerk produced a book in which he said records of ac-
counts were kept.   He testified there was no record of any
meeting of the commissioners between the first Tuesday in
August and the first Tuesday in September or on the first
Tuesday in September.   The holding of these two meetings

is essential to the levy of a valid tax. (*People* v. *Toledo, St. Louis and Western Railroad Co.* 266 Ill. 112; *People* v. *Chicago and Springfield Railway Co.* 270 id. 600.) We have held it to be the duty of the town clerk to keep a record of the meetings of the commissioners of highways and that the action of the commissioners can only be shown by the record. (*People* v. *Toledo, St. Louis and Western Railroad Co.* 270 Ill. 472.) It having been proved that there was no record of the August and September meetings, showed *prima facie* that there was no valid levy of the tax. This was not conclusive, however, but if the meetings were, in fact, held, it was incumbent upon appellee to prove it and amend the record to show the meetings and what was done at them and then introduce the record in evidence. This was not done, and in our opinion, under the proof made, the court should have sustained the objection to the tax for Elmwood township.

The town clerk of Brimfield township testified there was no record of any meeting of the commissioners of highways to levy the road and bridge tax for that township. For the reasons above stated the court should have sustained the objections to the road and bridge tax for Brimfield township.

As to the taxes of Princeville township, the town clerk was called by the appellant and testified that he had with him the record of the board of highway commissioners of Princeville township showing the meetings held in the year 1914. He was asked if the book he had in his hand was the book referred to and said it was. Appellant offered in evidence page 89 of the book, which showed a meeting of the commissioners August 25, 1914, at which time the tax rate for road and bridge purposes was fixed. No record of the September meeting was introduced in evidence and no inquiry was made of the witness whether any such meeting was held by the commissioners. The town clerk was subsequently called by the People. He was shown the certificate of levy made by the commissioners and filed with the

county clerk, and testified it was made just after the meeting
of the commissioners, and he thought the same day. It was
dated September 1, 1914, and signed by all three of the
commissioners. It was offered in evidence by appellee and
admitted subject to appellant's objection. Over appellant's
objection the witness testified there was a meeting of the
commissioners the first Tuesday in September; that a rec-
ord of the meeting was made in a book but that the witness
did not have the book with him. He testified it was in the
town clerk's office, and when asked if he would get the
book and produce it at the hearing said he would. The
book was never produced or offered in evidence. We are
of opinion the testimony of the town clerk when called by
appellant, and the record offered in evidence by appellant,
did not sufficiently show that no September meeting was
held by the commissioners. The clerk testified the book he
had with him, parts of which appellant offered in evidence,
was the record of the board of commissioners showing the
meetings held by them in 1914, but he was not asked, and
did not testify when offered as a witness by appellant, that
the book contained no record of a September meeting or
that no such meeting was held. When subsequently called
as a witness on behalf of appellee, and after identifying the
certificate of levy made by the commissioners, he testified
that it was made at a meeting held, he thought, on the day
the certificate bore date, and that a meeting was held on the
first Tuesday in September, 1914. He was asked if there
was any record of the meeting and testified there was, in a
book he did not have with him but which was in his office.
He was asked to produce it and said he would, but did not
do so. It will be seen the town clerk's testimony was some-
what involved and conflicting, but having testified that the
book he produced was the record of the commissioners'
meetings in 1914 and that it contained no record of any
September meeting, we think if there was a record of that
meeting in some other book it was incumbent upon appellee

to produce the record, and having failed to do so the objection to that tax should have been sustained.

The proof sufficiently shows that meetings of the commissioners were held, as required by law, in Kickapoo, Milbrook and Rosefield townships and that the tax in those townships was legally levied. The objection that the certificates of levy in all seven of the townships filed by the commissioners with the county clerk did not recite facts sufficient to authorize the extension of the tax is untenable. All of the certificates were alike and were exactly or substantially in the same form as certificates which we have held were sufficient. *People* v. *New York Central Railroad Co.* 270 Ill. 636; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 270 id. 527.

It is further objected that the certificates of levy for Milbrook and Kickapoo townships recite the levy was made for the year 1915 instead of the year 1914. This was undoubtedly a clerical mistake and might have been corrected (Revenue act, sec. 191,) if the mistake had been called to the court's attention. (*People* v. *New York Central Railroad Co. supra.*) That objection to the certificates was not made on the hearing and cannot be here raised for the first time. *City of Arcola* v. *Wilkinson,* 233 Ill. 250; *Taylor* v. *Adams,* 115 id. 570; *Village of North Chillicothe* v. *Burr,* 185 id. 322.

For the errors indicated in not making a further reduction of $4400 from the sum levied to pay county officers' salaries and in overruling the objections to the road and bridge taxes in Elmwood, Brimfield and Princeville townships the judgment of the county court is reversed and the cause remanded, with directions to enter a judgment in accordance with the views expressed in this opinion.

*Reversed in part and remanded, with directions.*