THE PEOPLE *ex rel.* Robert Hewitt, County Collector, Appellee, *vs.* THE CINCINNATI, LAFAYETTE AND CHICAGO RAILWAY COMPANY, Appellant.

*Opinion filed December 17, 1912.*

1. TAXES—*officers are presumed to have performed their duties in matter of levying taxes.* In the absence of proof to the contrary it must be presumed by the Supreme Court that the various officers entrusted with the levy of taxes performed the duties imposed upon them by law.

2. SAME—*when file-mark on certificate of highway commissioners is of no significance.* The fact that the file-mark on the certificate of highway commissioners shows that the certificate was filed with the county clerk on the day preceding the meeting of the board of supervisors has no tendency to show that such certificate was not thereafter laid before the board and acted upon.

3. SAME—*how certificate of highway commissioners reached the board of supervisors is not material.* The material thing in the levy of road and bridge taxes in a town under the labor system is that the certificate of the highway commissioners be laid before the board of supervisors and acted upon, and it is not material whether the certificate is laid before them by the supervisor of the town or reaches them by some other means.

4. SAME—*what does not show that the certificate was not acted upon by board of supervisors.* The facts that neither the certificate of the highway commissioners nor the pages of the record of the action of the board of supervisors introduced in evidence by the objectors show affirmatively that the certificate was acted upon by the board do not show it was not acted upon, where several pages of the record between the first one and the last one introduced were not introduced in evidence at all and the last page introduced shows an adjournment of the meeting.

5. SAME—*when district road tax cannot be sustained.* A district road tax cannot be sustained where the delinquent list of such district does not have attached thereto the affidavit required by section 110 of the Roads and Bridges act to be made by the overseer of the road district.

6. SAME—*party seeking to amend objections must obtain ruling thereon.* Where an objector asks leave, on the hearing, to amend its objections to a district road tax by changing the number of the district, but the court, upon an objection being made by the People to the amendment, reserves its ruling and does not

thereafter rule thereon, and the amendment is not made or a ruling insisted upon, the objector cannot complain, on appeal, concerning the district road tax to which its proposed amendment would have applied.

7. SAME—*proposition to build hard roads must receive a majority of all ballots cast.* Under the statute, where the proposition to build hard roads is submitted at the regular election for town officers, the proposition must receive a majority of all the ballots cast at the election, and it is not sufficient that it receives a majority of the votes cast upon the proposition itself, if such number is less than a majority of the total number of ballots cast at the election.

APPEAL from the County Court of Kankakee county; the Hon. A. W. DESELM, Judge, presiding.

HUNTER & SCHNEIDER, for appellant.

J. BERT. MILLER, State's Attorney, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

The county court of Kankakee county overruled appellant's objections to certain taxes extended against its property in the towns of Aroma and St. Anne, in the said county, and rendered judgment against the property for the alleged delinquent taxes. The taxes in controversy are the road and bridge taxes of the town of Aroma, the district road taxes of districts 3 and 5 of the town of Aroma and the hard road tax of the town of St. Anne.

The town of Aroma is operating under the labor system of taxation for roads and bridges. Taxes at the rate of fifty cents on each $100 valuation were extended against appellant's property in this town for road and bridge purposes. Appellant objected to these taxes on the ground that the certificate of the highway commissioners showing the amount necessary to be raised for road and bridge purposes and the rate per cent of taxation was not delivered by the highway commissioners to the supervisor of the

town, nor was such certificate submitted to the board of supervisors of the county for its action at the September, 1911, meeting, and that in these particulars there was a failure to comply with the provisions of section 119 of the Road and Bridge act. The material part of the objection is the alleged failure to submit the certificate to the board of supervisors for its action at the September meeting. Whether the certificate reached the board through the supervisor of the town or by some other means is immaterial, so far as the validity of the tax is concerned. *People v. Chicago and Eastern Illinois Railroad Co.* 214 Ill. 190.

The certificate of the highway commissioners on which the tax was extended against appellant's property was introduced in evidence by appellant, and the file-mark thereon showed that it was filed with the county clerk on September 11, 1911. Appellant also offered pages 461, 469 and 470 of the record of the September, 1911, meeting of the board of supervisors of Kankakee county. Page 461 of this record showed the organization of the board on September 12, 1911, and page 470 showed the adjournment of the September meeting. There was nothing on either of these pages, nor on page 469 of the record, showing that the certificate of the highway commissioners of the town of Aroma was submitted to or approved by the board of supervisors of the county at the September meeting, and appellant argues that it thereby established the ground of its objection to this tax. What appears on the record of the September meeting of the board from pages 462 to 468, inclusive, was not disclosed by any of the evidence introduced in the county court. There is no direct evidence that the certificate of the highway commissioners was not delivered to the supervisor of the town and by him presented to the board of supervisors, nor is there any direct evidence that the board did not, at the September meeting, approve the levy made by the highway commissioners, as shown by their certificate. We must presume, in the ab-

sence of proof to the contrary, that the various officers
entrusted with the levy of these taxes performed the du-
ties imposed upon them by law, and that the record of the
action of the board of supervisors approving the levy made
by the highway commissioners is contained on some one or
more of the pages of the record of the September meet-
ing of the board which were not offered in evidence in this
case. The fact that the file-mark on the certificate shows
that the certificate was filed with the county clerk on the
day preceding that on which the board convened is with-
out significance. The county clerk is clerk of the board of
supervisors, and the fact that the certificate was filed with
the clerk of the board before the board convened can fur-
nish no basis for a presumption that the certificate was not
thereafter presented to the board and acted upon at the
September meeting. After the People had made a *prima
facie* case it was incumbent upon appellant to establish the
ground of its objection by proof. Having failed to do so,
the court properly overruled the objection to the road and
bridge tax of the town of Aroma.

The objections to the district road tax of district No. 3
of the town of Aroma were, in effect, that the certificate
upon which the county clerk extended this tax was the
original road labor and tax list made by the commission-
ers of highways; that no list sworn to by the overseer of
highways of the road district showing the taxes assessed
against appellant's property to be delinquent was presented
to the board of supervisors at the September, 1911, meet-
ing, and that the board of supervisors did not levy or cause
to be levied said tax. To sustain these objections appellant
offered in evidence a certificate which it was stipulated was
the certificate upon which the county clerk extended the
district road tax against appellant's property. This cer-
tificate was subscribed by the highway commissioners, and
contained a list of appellant's property in said road dis-
trict, the valuation thereof and the tax assessed thereon,

and directed the town clerk to make a copy of the list. Whether the certificate in evidence is the original certificate of the highway commissioners or a copy thereof made by the town clerk does not appear, but whether it be considered as the original or as a copy, it was not sufficient authority for the extension of the district road tax by the county clerk against appellant's property.

Section 85 of the Road and Bridge act required the commissioners of highways to cause a copy of the list showing appellant's property, the valuation thereof and the district road tax assessed thereon to be delivered to the overseer of the road district, who is by section 108 of the act made the collector of such taxes. Section 109 required the overseer, in case the taxes were paid to him, to write the word "paid" distinctly against each tract on such list, and section 110 required him to deliver said list to the supervisor of his town at least five days previous to the annual meeting of the board of supervisors, with an affidavit attached thereto that on all tracts of land or railroad property on such list opposite which the word "paid" is written such tax is paid, and that on all tracts of land or railroad property on such list opposite which the word "paid" is not written such tax is due and remains unpaid. The delinquent list for said district No. 3 did not have attached the affidavit required by the statute, and for that reason was not a sufficient basis for the levy of a tax.

The objections to the district road tax of district No. 3 of the town of Aroma should have been sustained.

The appellant filed objections. to the district road tax of district No. 4 of the town of Aroma. Upon the hearing in the county court it asked leave to amend its objections by inserting district No. 5 in the place of district No. 4. The People objected to the proposed amendment on the ground that the time for filing objections had been theretofore fixed by rule of court and had expired. The court reserved its ruling on the motion to amend but did not

thereafter pass upon the motion, nor did appellant thereafter request the court to make a ruling thereon. The objections were not amended, and appellant having failed to insist upon a ruling is not now in a position to complain of the district road tax of district No. 5.

The objection to the hard road tax of the town of St. Anne was, in substance, that this tax was levied in pursuance of a vote of the electors of the town at the annual town meeting in 1911, at which the proposition for or against levying a hard road tax was submitted; that the ballots cast in favor of the proposition did not constitute a majority of the ballots cast at the election and that consequently the proposition was lost. It was stipulated in the county court that the total number of ballots cast at the election at which this proposition was submitted was 463; that 222 ballots were cast in favor of the proposition and 189 against the proposition. Paragraph 245 of chapter 121 of the Revised Statutes of 1911 provides for submitting such proposition at the annual town meeting or at a special election. Paragraph 247 provides that "if a majority of all the ballots cast at said election shall be in favor of said special tax," then it shall be the duty of the commissioners of highways to levy a tax in accordance with said vote. According to the stipulation in this case the proposition for or against levying a hard road tax was submitted to the electors of the town at the annual town meeting at which town officers were elected, and not at a special election upon this proposition alone. While a majority of those voting upon the proposition voted in favor of the hard road tax, the proposition was lost because it failed to receive a majority of all ballots cast at the election at which the proposition was submitted. (*People* v. *Weber,* 222 Ill. 180.) The levy of this tax was therefore illegal, and the court should have sustained appellant's objection thereto.

As to the road and bridge taxes of the town of Aroma and the district road tax of district No. 5 of the town of Aroma the judgment of the county court is affirmed. As to the district road tax of district No. 3 of the town of Aroma and the hard road tax of the town of St. Anne the judgment of the county court is reversed and the cause remanded, with directions to the county court to sustain appellant's objections thereto.

*Affirmed in part and remanded, with directions.*