The Litchfield and Madison Railway Company

*v.*

The People *ex rcl.* George McCormick, County Collector.

*Opinion filed February 21, 1907.*

1. Taxes—*when road tax must be extended upon the original statement of highway commissioners.* In towns under the labor system as respects road and bridge taxes, taxes for road and bridge purposes must be extended upon the original statement of the highway commissioners, and not upon a copy thereof.

2. Same—*towns under cash system must levy taxes according to statute relating to such system.* A road and bridge tax levied under the provisions of the statute applicable to towns under the labor system by a town working under the cash system is illegal.

3. Same—*when additional road and bridge tax is illegal.* An additional road and bridge tax is illegal where the commissioners of highways, in obtaining the consent of the town auditors and the assessor to the additional levy, did not certify their request to such authorities.

Appeal from the County Court of Madison county; the Hon. J. E. Hillskotter, Judge, presiding.

Wilson, Warren & Child, (Terry & Gueltig, of counsel,) for appellant.

W. H. Stead, Attorney General, and J. F. Gillham, State's Attorney, for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

Application was made by the county collector in June, 1906, to the county court of Madison county, for judgment against appellant's lands for certain taxes alleged to be delinquent. Various objections were filed by appellant, all of which were overruled and judgment entered. Appeal was thereupon prayed to this court.

The first objection is to the road and bridge taxes for Omphghent and Hamel townships. It appears that each of these townships is under the labor system as to roads and bridges. Under this system, section 119 of the Road and Bridge act (Hurd's Stat. 1905, p. 1741,) requires that the original statement signed by the highway commissioners shall be delivered to the supervisor of the town and that he shall cause the same to be submitted to the county board for action at its September meeting. The highway commissioners in each of these towns filed their statements with the respective town clerks, who sent a copy, or supposed copy, to the county clerk, and it was upon this copy that the tax was extended by the county board. This court held in *Chicago and Northwestern Railway Co. v. People*, 184 Ill. 174, and *People v. Kankakee and Southwestern Railroad Co.* 218 id. 588, that taxes so levied and extended were unauthorized and illegal. The question was fully discussed in those decisions and it is unnecessary to repeat the reasoning here. The objection as to these taxes should have been sustained.

Both parties agree, and there appears to be no question, that Venice township was under the cash system and that the road and bridge tax was levied under the provisions of the statute relating to the labor system. It is plain that under the statute, as well as under the authority of *People v. Kankakee and Southwestern Railroad Co. supra,* the objection as to these taxes should have been sustained.

The commissioners of highways of the township of Edwardsville made a levy of seventy cents on the $100 for

the road and bridge tax of that town. In obtaining consent of the town auditors and assessor to levy an additional ten cents over the sixty cents permitted by law the commissioners did not certify their request to the board of auditors and assessor. Manifestly, this is not in compliance with section 14 of the Road and Bridge act. (Hurd's Stat. 1905, p. 1724.) This court has so held in construing this section of the law in *Chicago and Eastern Illinois Railroad Co.* v. *People,* 200 Ill. 237. It appears that the objectors paid a levy of sixty cents per $100 on the road and bridge tax and object here only to the extra ten cents levy. This objection should have been sustained. In view of our ruling on this point it is unnecessary to discuss the question as to the legality of the signatures to the levy of this road and bridge tax.

In view of the fact that it is admitted by appellee in his brief that all of these taxes that we have heretofore discussed were illegal, we cannot understand why that admission was not made in the lower court, thus obviating the necessity of an appeal.

Objection was also made in the lower court as to the road and bridge tax for the township of Olive, but appellant admits that there is nothing in the record before us that would justify the objection being sustained. The judgment as to the Olive road and bridge tax must therefore be affirmed.

The judgment of the county court as to the road and bridge tax of Olive township is affirmed and the judgment of the county court is reversed and the cause remanded as to the road and bridge taxes in Omphghent, Hamel, Venice and Edwardsville townships, with directions to enter judgment in accordance with the views herein expressed.

*Reversed in part and remanded.*