THE PEOPLE *ex rel.* H. M. Sanders, County Collector, Appellee, *vs.* THE CHICAGO AND ALTON RAILROAD COMPANY, Appellant.—Same, Appellee, *vs.* THE ST. LOUIS, ROCK ISLAND AND CHICAGO RAILWAY COMPANY, Appellant.—Same, Appellee, *vs.* THE LITCHFIELD AND MADISON RAILWAY COMPANY, Appellant.—Same, Appellee, *vs.* JOHN P. RAMSEY *et al.* Receivers, Appellants.

*Opinion filed February 25, 1911.*

1. TAXES—*tax of sanitary district is subject to reduction under amended Revenue act of 1909.* The provision of the amended Revenue law of 1909 requiring the reduction, among other taxes, of the tax of any sanitary district, is not limited to taxes of the Sanitary District of Chicago, but includes the taxes of any sanitary district organized under the law providing for them.

2. SAME—*sanitary district tax is not necessarily exempt from reduction as a "levee tax."* A sanitary district is not limited to the levy of a tax to pay for the construction of levees but may levy taxes to pay for various other works and improvements, and it cannot therefore be said that a tax levied by such a district and denominated a "sanitary tax" must be exempt from reduction, under the amended Revenue law of 1909, as "levee taxes."

3. SAME—*when additional road tax is illegal.* An additional road tax authorized by resolution at a special town meeting of a town under the labor system is illegal, where neither the petition,

248—27

notice nor record of the proceedings mentioned any emergency which would authorize the tax under section 10 of article 6 of the Township Organization act, the only statement being that a greater amount of money for road and bridge purposes was necessary than was available to be raised by law by commissioners of highways.

APPEALS from the County Court of Madison county; the Hon. JOHN E. HILLSKOTTER, Judge, presiding.

WARNOCK, WILLIAMSON & BURROUGHS, and H. L. CHILD, (WILSON, WARREN & CHILD, of counsel,) for appellants.

W. H. STEAD, Attorney General, J. F. GILLHAM, State's Attorney, and FRED H. HAND, (JUNE C. SMITH, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

H. M. Sanders, county collector of Madison county, applied for judgments and orders of sale against the property of the Chicago and Alton Railroad Company, the St. Louis, Rock Island and Chicago Railroad Company, the receivers of the Chicago, Peoria and St. Louis Railway Company and the Litchfield and Madison Railway Company, the appellants, for delinquent taxes for the year 1909. The county tax had been extended by the county clerk at the rate of seventy-four cents on each $100 of the assessed valuation of property, and the several railroad companies paid the tax on their property at the rate of forty-five cents on each $100 and objected to the excess above the amount so paid, on the ground that the tax had not been reduced by the county clerk as required by an act entitled "An act to amend section 2 of an act entitled 'An act concerning the levy and extension of taxes,' approved May 9, 1901, in force July 1, 1901, as amended by an act approved March 29, 1905, in force July 1, 1905," in force July 1, 1909. (Laws of 1909,

p. 323.) The clerk, in making the reductions required by that act, excluded from the aggregate taxes to be reduced a tax of $1.83 on each $100 of the assessed valuation of property, which was designated as "Sanitary Tax," and the court sustained the action of the clerk in so doing. Judgments were rendered against the property of the appellants for the unpaid portion of the county tax and they appealed from the judgments. As the appeals all involve the same question they have been heard and will be decided together.

The tax excluded by the county clerk as not being subject to reduction was levied by a district organized under an act entitled "An act to create sanitary districts in certain localities and to drain and protect the same from overflow for sanitary purposes," in force July 1, 1907. (Laws of 1907, p. 289.) The subject of controversy is whether that tax is to be included in the aggregate of taxes subject to reduction. The act in question provides for the reduction of all taxes exclusive of certain specified ones, among which are "levee taxes," and the opinion of the county court was that the tax of the sanitary district was, in fact, a levee tax. The act provides that whenever any area of contiguous territory answering the description therein given as to location and population shall be so situated as to be subject to overflow from any river or tributary thereof, and the maintenance of one or more levees for the protection of the same against such overflow and of a new or improved outlet for the drainage thereof will conduce to the preservation of the public health and safety, the same may be incorporated as a sanitary district in the manner therein prescribed. A petition, containing the name of the proposed sanitary district, for an election to determine whether the territory will organize as a sanitary district is to be filed in the office of the county clerk, and an election is to be held for the purpose of determining whether a sanitary district shall be organized, at which the votes are to be "For Sanitary District" or "Against Sanitary District." If a majority of the

votes cast upon the question of incorporation of the proposed sanitary district shall be in favor of the same, the inhabitants are to be deemed to have accepted the provisions of the act and the same shall be deemed an organized sanitary district. The corporate name is to be "...... Sanitary District," and the corporation is styled a sanitary district throughout the act. The trustees have power to construct one or more levees or embankments to protect the district against overflow and one or more drains, ditches, channels or outlets of such capacity and character as may be required for the carrying off and disposing of the swamp, stagnant or overflow waters and other drainage of such district, and to lay out, establish and construct all such adjunct or auxiliary improvements or works as may be necessary or proper for the accomplishment of the sanitary purposes intended. The title of the act, the name of any district to be organized under it and the declared purpose of the act fix the character of the district levying this tax as a sanitary district. The authority to construct one or more levees is but one of the things which the district may do to accomplish the sanitary purposes intended, and a tax to pay for all such works and improvements, including the drainage of swamps, straightening streams and outlets and digging drains, ditches and channels, cannot be called a levee tax. The act requiring the reduction of taxes includes, among the tax levies to be reduced, the tax of any sanitary district, which brings this tax within the terms of the act. But counsel for the collector say that the legislature meant the Sanitary District of Chicago as the only sanitary district in the State. We see no reason for adopting that view, since sanitary districts may be organized under the general laws providing for them, and the district levying this tax had been so organized. It is a sanitary district both in name and purpose, as much as any other sanitary district.

The court erred in not sustaining the objections to the twenty-nine cents on each $100 of the assessed valuation of

the property of appellants for the reason that it was in excess of the rate permitted by the statute.

One of the appellants, the Litchfield and Madison Railway Company, also objected to a part of the road and bridge tax of the town of Omphgent, consisting of twenty-five cents on each $100 of assessed valuation above the rate authorized to be levied by the commissioners of highways. There is no reply by counsel for the collector to the brief and argument of appellant concerning that tax. The town was under the labor system, and the additional levy was not authorized by the voters at the annual town meeting under section 119 of the Road and Bridge act, which permits an additional levy not exceeding twenty-five per cent when so authorized. There was a resolution for the additional tax passed at a special town meeting, but the only authority for such a resolution is found in section 10 of article 6 of the Township Organization act, which confers power upon the electors, at a special town meeting, to provide for raising money for repairing the highways or building or repairing bridges in cases of emergency, and there was no emergency in this case. Neither the petition, notice nor record of the proceedings at the meeting mentioned any emergency, but only stated that a greater amount of money for road and bridge purposes was necessary than was available to be raised by law by the commissioners of highways. The additional tax was illegal and the court erred in not sustaining the objection to it.

The judgments of the county court are reversed and the several cases are remanded to that court with directions to enter judgments in accordance with the views herein stated, sustaining the objections to the excess of the county tax above forty-five cents on each $100 of assessed valuation and to the additional road and bridge tax in the town of Omphgent.    *Reversed and remanded, with directions.*