THE PEOPLE *ex rel.* H. M. Sanders, County Collector, Appellee, *vs.* THE TOLEDO, ST. LOUIS AND WESTERN RAILROAD COMPANY, Appellant.

*Opinion filed February 25, 1911.*

1. TAXES—*additional road tax is not intended for ordinary repairs or work.* The additional road tax which is authorized by section 14 of the Roads and Bridges act to be raised in view of a contingency is not intended for ordinary road and bridge expenses but for something that does not occur in the ordinary course of events, and the mere fact that roads and bridges may become out of repair from "excessive rains and washes" is not sufficient to authorize such tax.

2. SAME—*town cannot levy road tax under labor system after voting to adopt the cash system.* After a township has voted upon and adopted the cash system of levying taxes for road purposes it has no power to levy a tax under the labor system, as the two systems are distinct.

3. SAME—*statutory rate of road tax in force when tax is extended controls.* The amendment of section 119 of the Roads and Bridges act, which went into effect July 1, 1909, and which reduces the road and bridge tax rate from forty cents to twenty-five cents, must be followed by the county clerk when extending taxes after July 1, notwithstanding the highway commissioners levied such tax at the rate of forty cents before July 1, which they had power to do by the law then in force.

4. SAME—*"sanitary tax" is subject to reduction.* A tax levied by a sanitary district and designated a "sanitary tax" is not necessarily a "levee tax," within the meaning of the amended Revenue law of 1909, and is subject to reduction under the provisions of that act. (*People v. Chicago and Alton Railroad Co.* 248 Ill. 417, followed.)

APPEAL from the County Court of Madison county; the Hon. J. E. HILLSKOTTER, Judge, presiding.

C. E. POPE, and BURROUGHS & RYDER, for appellant.

W. H. STEAD, Attorney General, J. F. GILLHAM, State's Attorney, and FRED H. HAND, (JUNE C. SMITH, of counsel,) for appellee.

Mr. CHIEF JUSTICE VICKERS delivered the opinion of the court:

This is an application by the People, on the relation of H. M. Sanders, collector of the county of Madison, for judgment against the property of the Toledo, St. Louis and Western Railroad Company for delinquent taxes for the year 1909. The railroad company filed objections, which were overruled, to four items of taxes, and judgment was rendered against its property for the amount of said items. The railroad company has appealed from that judgment to this court.

The first item to which appellant's objections were overruled is a part of the road and bridge tax of Edwardsville township, amounting to $200.20, which was attempted to be levied under section 14 of the Road and Bridge law. That section authorizes the highway commissioners to certify to the board of town auditors that a greater amount than can be levied under section 13 is needed in view of some contingency, and requires the certificate to state what the contingency is. The levy in this case is based upon the following statement in the certificate of the highway commissioners: "The re-building of Feldman and Langreder bridges on the Bluff road, and Mooney bridge on the Hillsboro road, and other bridges; the repair of a bridge culvert at Wheeler place, on the St. Louis road, and the repairs of bridges on other roads and necessary grading of same, and purchase of rock, all made necessary by reason of excessive rains and washes." This court has several times had occasion to pass upon tax levies attempted to be made under said section 14. (*St. Louis, Alton and Terre Haute Railroad Co.* v. *People,* 224 Ill. 155; *People* v. *Peoria and Pekin Union Railway Co.* 232 id. 540; *People* v. *Kankakee and Southwestern Railroad Co.* 237 id. 362; *People* v. *Elgin, Joliet and Eastern Railway Co.* 243 id. 546.) The rule established by these cases is, that the tax which may be raised under sec-

tion 14 is not to be used for the ordinary and current expenses of the township and that the contingency relied upon must be something that does not occur in the ordinary course of events. The mere fact that roads and bridges may become out of repair by reason of heavy rainfalls is not such contingency as authorizes a levy under said section. The facts stated in the certificate which are relied on here as constituting a contingency under section 14 are insufficient. The court erred in rendering judgment for this item of tax.

The next item involved in the objections of appellant is $107.16 of road taxes in Alhambra township. The evidence shows that Alhambra township voted, at the annual town meeting held April 6, 1909, to adopt the cash system of paying road and bridge taxes. On March 30, 1909, the record of the highway commissioners shows the following entry in reference to the levying of taxes: "Tax levy for personal and real estate was fixed at thirty cents on the $100; carried." The record contains no further mention of any steps taken to levy or collect this tax, but on April 20, 1909, rates to be allowed for labor were fixed and land road tax lists for road districts 1 and 3 in said township, as directed by section 84 of the Road and Bridge act, were filed in the office of the town clerk. On September 9 a copy of these land road tax lists was filed in the county clerk's office, which showed the tax to be paid by appellant in district No. 1 to be $51.78, and in district No. 3, $55.38. It is objected by appellant that this tax, in view of the adoption by the township of the cash system of paying road and bridge taxes, was illegal and void. Appellee has filed no reply to this objection. It is apparently conceded that this tax cannot be sustained. The labor system and cash system of levying taxes for road purposes are distinct and separate. (*Litchfield and Madison Railway Co.* v. *People,* 225 Ill. 301.) The levy of the tax under the labor system after the township had adopted the cash system cannot be sus-

tained. (*Chicago and Northwestern Railway Co.* v. *People,* 193 Ill. 539; *Litchfield and Madison Railway Co.* v. *People, supra.*) The court erred in overruling the objection to this item of tax.

The third item of taxes to which objection is made is to a part of the road and bridge tax levied by the highway commissioners of New Douglas township. On May 1, 1909, the highway commissioners levied a road and bridge tax of forty cents on the $100 under the provisions of section 119 of chapter 121 of Hurd's Statutes of 1909. On July 1, 1909, an act of the legislature went into effect which changed the amount that could be levied under said section 119 from forty cents to twenty-five cents. The objection is that the tax for 1909 was controlled by the statute as amended, which went into effect on the first of July of that year. The power of the highway commissioners to levy forty cents on the $100 did not exist after July 1, 1909. Prior to that time the highway commissioners had made their certificate, but the tax had not, in fact, been extended by the county clerk. The statute does not fix the time within which the highway commissioners shall make their certificate. It might have been made as well after the first of July as before, but after the first the rate was limited to twenty-five cents instead of forty cents. The levy of the tax against appellant was not made until the clerk extended the same against its property. It then became a specific amount due from the tax-payer. At that time there was no law in force authorizing the extension of tax at the rate of forty cents on the $100. Cooley, in his work on Taxation, on page 21, states the rule to be, that the repeal of a tax law puts an end to all right to proceed to a levy of tax under it, even in a case already commenced, unless the right is reserved in the repealing statute, and this statement in the text appears to be supported by cases cited in the notes. In *Burbank* v. *People,* 90 Ill. 554, this court held that a tax levied upon assessment made under a law after

it is repealed and not in accordance with the law in force at the time is invalid and its collection cannot be enforced. The objection to this item is only to the excess over twenty-five cents. The court erred in overruling the objection to the excess of road taxes in this township.

The fourth and last item to which objection was made and overruled relates to that portion of the county tax in excess of forty-five cents on the $100. The county board levied seventy-four cents on the $100 for county purposes. The evidence and stipulation show that in school district 126 in the city of Granite City the aggregate rate of all tax extended was $7.13 on each $100 assessed valuation, and that this is the highest aggregate per cent of tax rates certified to be extended in Madison county. It became necessary to reduce the rates under the amendatory law of 1909. Among the items of taxes levied in said school district was $1.83 for sanitary tax. Granite City is in the sanitary district organized under the law of 1907. The only question in respect to this tax is whether the sanitary tax of $1.83 should have been reduced or whether it should have been excluded from the reduction. The precise question that is presented in regard to this county tax has had the consideration of this court at the present term in the case of *People* v. *Chicago and Alton Railroad Co.* 248 Ill. 417, and the conclusion there reached is that the tax levied by the sanitary district in question is not a "levee tax" within the meaning of the amendatory act of 1909, and that it should have been reduced. What is said by this court in the case above referred to is conclusive of this question. The court erred in not sustaining the objection to the excess of county taxes.

For the errors indicated the judgment of the county court of Madison county is reversed and the cause remanded, with directions to that court to sustain appellant's objections.    *Reversed and remanded, with directions.*