THE PEOPLE *ex rel.* Fred A. Eisele, County Collector, Appellee, *vs.* THE TOLEDO, ST. LOUIS AND WESTERN RAILROAD COMPANY, Appellant.

*Opinion filed June 21, 1912.*

TAXES—*bonded indebtedness tax of sanitary district should be included in aggregate of rates before scaling.* The tax to pay the bonded indebtedness of a sanitary district, as well as the ordinary sanitary district tax, should be included in making up the aggregate of rates before the scaling process is used to reduce the highest aggregate to three per cent, as required by the amended Revenue act of 1909.

APPEAL from the County Court of Madison county; the Hon. J. E. HILLSKOTTER, Judge, presiding.

C. E. POPE, and BURROUGHS & RYDER, for appellant.

J. F. GILLHAM, State's Attorney, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from the judgment entered by the county court of Madison county against the property of the appellant for delinquent taxes for 1910.

The chief question at issue is as to whether an item of $2.46 on the $100 valuation for a tax levy by the East Side Levee and Sanitary District to pay the bonds and interest of said district should be included in the aggregate of rates used in scaling certain items of tax under the amended Revenue law. (Laws of 1909, p. 323.) The sanitary district tax for bonds and interest was not included in the aggregate of rates before the scaling. Had it been included, the town tax for Nameoki township and the county tax levy against appellant's property would have been reduced. This court has held in *People* v. *Chicago and Alton Railroad Co.* 248 Ill. 417, and *People* v. *Toledo, St. Louis and Western Railroad Co.* 249 id. 175, that the rate for an ordinary sanitary

district tax should be included in making up the total aggregate of rates before the scaling process is used. Section 2 of said act of 1909 provides that certain taxes shall be excluded, among others, taxes for bonded indebtedness in certain cities. This, by implication, forbids the exclusion of any other bonded indebtedness. (*Consolidated Coal Co.* v. *Miller,* 236 Ill. 149; 26 Am. & Eng. Ency. of Law,—2d ed.—604.) The tax to pay the bonded indebtedness of the sanitary district, as well as the ordinary sanitary district tax rate, should be included in making up the aggregate of rates before the scaling process is used to reduce the highest aggregate to three per cent, as required by said statute.

Appellee argues that section 17 of the Sanitary District act, under which this sanitary district was created, is unconstitutional, because in levying the taxes under the said Revenue law of 1909 the uniformity of the tax rates in Madison and St. Clair counties, in which this sanitary district is situated, will be destroyed. This same argument was advanced in *People* v. *Bowman,* 253 Ill. 234. The court there held that if it had any force it should be applied against the amended Revenue law of 1909 rather than the Sanitary District act. We have held said Revenue act constitutional. *Booth* v. *Opel,* 244 Ill. 317; *Town of Cicero* v. *Haas,* 244 id. 551.

As we understand this record, the trial court improperly overruled appellant's objection to said town tax to the extent of $30 and the county tax to the extent of $307.30.

The judgment of the county court of Madison county will be reversed and the cause remanded, with directions to that court to sustain appellant's objections.

*Reversed and remanded, with directions.*