THE PEOPLE ex rel. W. J. Holaday, County Collector, Appellee, vs. THE BALTIMORE AND OHIO SOUTHWESTERN RAILROAD COMPANY, Appellant.

*Opinion filed December 16, 1914.*

1. TAXES—*district road tax does not become a tax against land until levied by board of supervisors.* Where the commissioners of highways, under the laws that existed before July 1, 1913, have determined how much money shall be raised by a district road tax and have made out and delivered the list the tax may be paid in labor, but it does not become a tax against land until the list has been delivered by the overseer to the supervisor and the board of supervisors has levied the tax.

2. SAME—*tax not in accordance with law at time of levy is invalid.* A district road tax attempted to be levied by the board of supervisors on the overseers' delinquent lists after the repeal by the Roads and Bridges act of 1913 of the law authorizing such levy is invalid.

3. The other question here involved is controlled by the decision in *People* v. *Illinois Central Railroad Co.* (*ante,* p. 429.)

APPEAL from the County Court of Clay county; the Hon. A. N. TOLLIVER, Judge, presiding.

H. D. McCOLLUM, and KRAMER, KRAMER & CAMPBELL, (EDWARD BARTON, of counsel,) for appellant.

THOMAS S. WILLIAMS, State's Attorney, and JOHN L. BOYLES, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

Upon the application of the county collector of Clay county for judgment and order of sale against the property of appellant for delinquent district road taxes for the year 1913, the objections of appellant to the various taxes for which judgment was asked were overruled and a judgment and order of sale entered accordingly by the county court.

Seven of the towns of Clay county through which the railroad of appellant runs were prior to July 1, 1913, oper-

ating under what is known as the labor system. In each of these towns district road taxes were assessed in the spring of 1913 against the property of appellant at the rate of twenty-five cents on each $100 valuation. These various amounts were all paid by appellant in labor except the sum of $29.04 in the town of Clay City and the sum of $320.53 in the town of Harter. The overseers of these two towns, respectively, delivered to the supervisors of those towns the district road tax list showing that appellant was delinquent in the payment of its district road tax in the amounts set forth, respectively. The board of supervisors caused these delinquent road taxes to be levied on the property of appellant and the same were extended against its property. The boards of highway commissioners of each of the seven towns referred to, at their regular September meeting, certified to the board of supervisors the amounts necessary to be raised by taxation for road and bridge purposes in their respective towns. At the September meeting of the board of supervisors the amounts so certified were approved and road and bridge taxes were levied and extended against appellant's property under the Road and Bridge law which became effective July 1, 1913. In one of these towns the levy was at the rate of fifty-six cents on each $100 valuation and in each of the other towns at the rate of sixty-one cents on each $100 valuation.

Under the objections of the appellant two questions are raised: (1) Was the county collector entitled to judgment for the delinquent district road taxes of the towns of Clay City and Harter? and (2) was the county collector entitled to judgment for the full amount of the road and bridge taxes levied under the act which became effective July 1, 1913, or was appellant entitled to deduct the district road tax it had already paid for that year? Each of these questions has arisen and has been determined in other cases at the present term. In *People* v. *Chicago, Indiana and Southern Railroad Co.* (*ante,* p. 528,) district road taxes for the

town of Norton had been returned delinquent against the railroad company under the same conditions as the district road taxes for the towns of Clay City and Harter were returned delinquent against appellant. For the reasons given in that case the objections to the taxes levied as delinquent upon the report of the overseers of those towns should have been sustained. While the commissioners of highways, under the laws that existed prior to July 1, 1913, determined how much money should be raised, and made out the list, and the contemplated taxes could be paid in labor under the direction of the overseer, it did not become a tax against the property until the list was delivered by the overseer to the supervisor and the board of supervisors caused the tax to be levied on the lands returned. (*People* v. *Chicago and Illinois Midland Railway Co.* 260 Ill. 624.) A tax levied upon an assessment made under a law after its repeal, and which is not in accordance with the law in force at the time the levy is made, is invalid. *People* v. *Toledo, St. Louis and Western Railroad Co.* 249 Ill. 175.

The second question involved was raised and determined in *People* v. *Illinois Central Railroad Co.* (*ante*, p. 429.) The same argument was made there in support of the validity of the tax levied and against the right of appellant to receive credit for the amount of tax it had paid in labor, and for the reason there given the court properly overruled the objections made to the several district road taxes.

The judgment of the county court overruling the objections that appellant was entitled to credit for taxes paid in labor is affirmed. In all other respects the judgment is reversed and the cause is remanded, with directions to sustain the objections to taxes levied on the overseers' delinquent lists.

*Reversed in part and remanded, with directions.*