THE PEOPLE *ex rel.* Robert Hewitt, County Collector, Appellee, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed December 16, 1914.*

1. TAXES—*county board has power to levy taxes for State aid roads.* The county board, under its general powers of taxation, may levy a tax to raise money for State aid roads, and is not limited to the issuing of bonds pursuant to a vote of the people, as provided in section 22 of the Roads and Bridges act of 1913.

2. SAME—*amount voluntarily paid in labor to satisfy road district tax cannot be set off against tax levied under new law.* The amount paid in labor to satisfy a road district tax cannot be set off against a road and bridge tax thereafter levied under the new Roads and Bridges act of 1913.

3. SAME—*when a road district tax is invalid.* A road district tax attempted to be levied by the county board against land after the law authorizing such levy had been repealed by the new Roads and Bridges act in force July 1, 1913, is invalid, as there is no saving clause in the new law.

APPEAL from the County Court of Kankakee county; the Hon. A. W. DESELM, Judge, presiding.

W. R. HUNTER, (JOHN G. DRENNAN, of counsel,) for appellant.

WAYNE H. DYER, State's Attorney, for appellee.

Mr. Justice Craig delivered the opinion of the court:

This is an appeal by appellant, the Illinois Central Railroad Company, from a judgment and order of sale of the county court of Kankakee county against the property of appellant for delinquent taxes for the year 1913.

On the application for judgment appellant appeared and filed objections to that part of the county tax levied for State aid roads, amounting to $1425.14, on the ground that the county has no power to raise money by general taxation for State aid roads but that the same can only be raised by the issuance of bonds pursuant to a vote of the legal voters, as provided in section 22 of the act of June 27, 1913. (Hurd's Stat. 1913, chap. 121, p. 2117.) This question was fully considered by the court in *People v. Jacksonville and St. Louis Railway Co.* 265 Ill. 550, where we held that the county had full power to levy taxes by general taxation to aid in road construction in any part of the county, by virtue of the provisions of clause 6 of section 25 and section 56 of chapter 34. (Hurd's Stat. 1913, pp. 637, 643.) The reasons for our decision are fully set forth in the opinion filed in the above case and we deem it unnecessary to again state them here. The court did not err in overruling this objection. *People v. Kankakee and Seneca Railroad Co.* 265 Ill. 497.

As to the road and bridge tax of the town of Otto, it was levied at the full rate of sixty-one cents on the $100 allowed by the act of June 27, 1913, commonly known as the Tice act. The town of Otto was under the road labor system of the act of 1883. (Hurd's Stat. 1911, chap. 121, pars. 80-124, inclusive.) This law was expressly repealed by the Tice act. (Hurd's Stat. 1913, chap. 121, par. 169.) Before the latter act went into effect appellant had worked out the road tax assessed against it by the commissioners of highways of that town, amounting to $98.25, and received a receipt from the overseer showing the payment of the same in labor on June 17, 1913. Appellant paid all of

the tax levied under the Tice law except an amount equal to the amount paid on the former tax, and insists that it should be given credit on this tax for the amount so paid on the former tax.   Appellant admits that it voluntarily paid the tax levied under the former law and does not question but that the present tax was legally levied at the time it was levied.   There is no provision in the new law for allowing credit for the amount voluntarily paid on the tax levied under the former law.   This question also was fully considered in *People* v. *Jacksonville and St. Louis Railway Co. supra,* and *People* v. *Illinois Central Railroad Co.* 265 Ill. 429.   These cases are conclusive upon this question. The court did not err in sustaining the objection.

Objection was also made to the road district tax levied in districts 2, 4, 5, 6 and 7 in the town of Norton, in that county, amounting to $175.13.   This tax was attempted to be levied in September, 1913, under the provisions of the act of June 23, 1883.   This law was repealed by the Tice act, which went into force on July 1, 1913.   At the time the board of supervisors attempted to levy the tax in question the law under which they were assuming to act had been repealed, which put an end to all right to proceed to levy a tax under it in the absence of a saving clause in the new law.   See *People* v. *Toledo, St. Louis and Western Railroad Co.* 249 Ill. 175, *People* v. *Jacksonville and St. Louis Railway Co. supra,* and *People* v. *Chicago, Indiana and Southern Railroad Co.* 265 Ill. 528, where this precise question was decided.

For the reason last stated the judgment of the county court must be reversed and the cause remanded, with directions to that court to sustain the objection as to the road district tax in the town of Norton.   The judgment in all other respects will be affirmed.

*Reversed and remanded, with directions.*