THE PEOPLE *ex rel.* Charles A. Kellogg, County Collector, Appellee, *vs.* THE CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY, Appellant.

*Opinion filed October 27, 1915.*

1. TAXES—*road, and bridge tax must be certified on first Tuesday in September.* Section 56 of the Roads and Bridges law of 1913, requiring the highway commissioners to meet on the first Tuesday in September and determine and certify the amount necessary to be raised for road and bridge purposes, is mandatory, and the certificate must be made on that day.

2. SAME—*what cannot be considered an amendment of certificate.* A certificate made by highway commissioners three days after the first Tuesday in September cannot be considered as an amendment of a previous certificate made in compliance with sections 13 and 14 of the Roads and Bridges law as it existed prior to the new law of 1913, and neither certificate is authority for extending the tax.

3. SAME—*under the act of 1913 the original certificates of levy must be filed with county clerk.* Under the Roads and Bridges law of 1913 the original certificates of levy of road and bridge taxes must be filed with the county clerk, and no valid tax can be extended by him upon a copy of the certificate of levy the original of which is filed with the town clerk, as was the practice under the old law.

4. SAME—*objections are properly preserved if copied in the record.* Objections to an application for judgment and order of sale for delinquent taxes are properly preserved if copied in full in the record, and it is not essential that they be preserved by a bill of exceptions.

5. SAME—*when right of the objector to object to tax cannot be questioned.* If no question is raised in the county court as to the right of the objecting railroad company to object to taxes charged against it on a certain line of railway not having the same name as that of the objecting company, it cannot be urged on appeal that the objector should have made some proof that it owned or controlled the line on which the taxes were levied.

APPEAL from the County Court of Henry county; the Hon. LEONARD E. TELLEEN, Judge, presiding.

HAND & MELIN, and A. B. ENOCH, for appellant.

269 — 33

P. J. LUCEY, Attorney General, and NELS F. ANDER-
SON, State's Attorney, for appellee.

Mr. CHIEF JUSTICE FARMER delivered the opinion of
the court:

This is an appeal from a judgment of the county court
of Henry county overruling objections of appellants to the
application of appellee for judgment and order of sale of
appellant's property for delinquent road and bridge taxes
in the townships of Galva, Weller, Cambridge, Andover,
Alba, Annawan, Atkinson and Osco, in said county, for
the year 1914.

The objections to the judgment for taxes are based on
the claim that the levy was not made in compliance with
the requirements of the Road and Bridge law which went
into effect July 1, 1913. Section 56 of that act requires
that the commissioners of highways hold a regular meet-
ing on the first Tuesday in September to determine and
certify to the board of supervisors or board of county com-
missioners the amount necessary to be raised by taxation
for the construction, maintenance and repair of roads and
bridges, not exceeding sixty-one cents on each $100, such
certificate to be filed in the office of the county clerk, who
shall present it to the county board. The first Tuesday of
September, 1913, was the second day of the month. The
certificate of the commissioners of highways of Osco town-
ship upon which the road and bridge tax in that township
was extended by the county clerk was dated September 5
and filed in the county clerk's office September 6. We
have held that the requirement of section 56 of the Road
and Bridge act of 1913 that the commissioners meet the
first Tuesday in September and determine and certify the
amount necessary to be raised for road and bridge purposes
is mandatory and must be complied with to make the levy
valid. (*People* v. *Toledo, St. Louis and Western Railroad
Co.* 266 Ill. 112; *Same* v. *Same,* 267 id. 142.) It was

proved on the hearing of the objections to the road and
bridge tax in Osco township, by the record kept by the
town clerk, that the commissioners of highways and the
board of town auditors met September 2, 1913, which was
the first Tuesday, and levied a road and bridge tax of
thirty-six cents on each $100, and an additional twenty-five
cents on each $100 for putting in concrete bridges. A cer-
tificate of the commissioners of highways and of the board
of town auditors was made and sent to the county clerk,
who refused to receive and file it. The certificate was not
made at the time required by the act of 1913 but was made
in compliance with the provisions of sections 13 and 14 of
the old act. After it was returned to the town clerk the
highway commissioners met September 5 and made the cer-
tificate upon which the tax was extended, and which, in
form, complied with the law in force at the time it was
made. No levy could, of course, be made under the old
act after the 1913 act went into effect. *People* v. *Chicago,
Burlington and Quincy Railroad Co.* 266 Ill. 63; *People* v.
*Illinois Central Railroad Co.* 265 id. 429; *People* v. *Toledo,
St. Louis and Western Railroad Co.* 249 id. 175.

It is insisted by appellee that no particular form is pre-
scribed by section 56 of the act of 1913; that the com-
missioners did meet at the time required and certified to a
levy of the tax, and that the certificate made at the subse-
quent meeting held September 5 should be considered and
treated as an amendment of the former levy, and refer-
ence is made to section 191 of the Revenue act as support-
ing that contention. That section governs the proceeding
in the county court upon application for judgment, and
authorizes the court, in its discretion, to permit any irregu-
larity or informality connected with the assessment or levy
of taxes to be corrected, supplied and made to conform to
the law. We think it has no application to the question
here involved, and that the extension of the tax upon a
certificate of levy made after the time fixed by law for

making it was invalid. The county clerk testified that the tax was extended upon the certificate of the commissioners made September 5.

In the other seven townships the commissioners of highways met on the first Tuesday of September, 1913, and made certificates of levy for the road and bridge tax in the respective townships in conformity with the requirements of sections 13 and 14 of the old act. They did not file the certificates of levy with the county clerk but filed them with the town clerks of the respective townships, and they filed certified copies of them with the county clerk. It is contended by appellee that it does not appear from the record that the original certificates were not filed with the county clerk and that certified copies of them were filed instead of the originals. That question might be left in some doubt from the oral testimony, alone, of the town clerks, but that testimony supplemented by their certificates to the certificate of levy filed with the county clerk we think clearly shows the originals were not filed with the county clerk. The town clerks certify that the certificate is a complete copy of the original certificate of levy delivered to the clerk by the commissioners of highways "and now remaining on file in my office." It seems to us no reasonable conclusion can be drawn other than that the certificates were filed with the town clerks, who filed certified copies with the county clerk. Section 56 of the act of 1913 requires the certificates of levy to be filed in the office of the county clerk, and no valid tax can be extended by that officer upon a copy filed with him of the certificate of levy. *People* v. *Cairo, Vincennes and Chicago Railway Co.* 265 Ill. 634; *Litchfield and Madison Railway Co.* v. *People,* 225 id. 301; *People* v. *Kankakee and Southwestern Railroad Co.* 218 id. 588.

It is also contended by appellee that the objections of appellant are not properly before the court because they were not made a part of the record by the bill of excep-

tions.  They are copied in full by the clerk in the common
law record, but appellee insists they were not pleadings, and
could only be made a part of the record by incorporating
them in the bill of exceptions.  It is true, the common law
form of pleading does not obtain in cases of this character,
but it has been held that the delinquent list filed by the
collector is in the nature of a pleading and serves the office
of a declaration.  (*Wiggins Ferry Co. v. People,* 101 Ill.
446.)  The objections of the property owner serve the pur-
pose of a plea by him, and we think the objections are
properly preserved as a part of the record without being
incorporated in the bill of exceptions.

The taxes appear from the record to have been extended
against the Rock Island and Peoria line in some of the
townships, and appellee insists it was incumbent upon ap-
pellant to show, by proof, that it either owned or controlled
that line or that it had such an interest as to authorize it
to object to the validity of the tax.  The objections are
to taxes charged against appellant on the Rock Island and
Peoria line.  No question was raised in the county court
as to the interest of appellant or its right to object to the
tax but the objections were heard upon their merits.  It is
too late now to raise that question for the first time.  *Peo-
ple* v. *Chicago and Eastern Illinois Railroad Co.* 214 Ill.
190; *Cincinnati, Indianapolis and Western Railway Co.* v.
*People,* 205 id. 538.

We are of opinion the county court erred in overruling
the objections of appellant, and the judgment will be re-
versed and the cause remanded, with directions to sustain
the objections.

*Reversed and remanded, with directions.*