The People ex rel. Ross C. Adams, County Collector, Appellee, vs. The New York, Chicago and St. Louis Railroad Company, Appellant.

*Opinion filed April 24, 1925.*

1. Taxes—*what items of taxes levied prior to July 1, 1923, must be included in city rate.*  The amendments of 1923 authorizing taxes for streets and bridges, police pension fund and for public benefits in certain cities in addition to the rate for general corporate purposes, (Laws of 1923, pp. 202, 252, 262,) do not apply to taxes levied prior to July 1, 1923, although extended after that date, as the amendments are not retrospective, and taxes so levied must be included in the statutory limit for general purposes then in force.

2. Same—*excess levy of city tax cannot be validated by curative act.*  A levy of a city tax in excess of the authorized rate can not be validated by a curative act, as such an act would violate section 10 of article 9 of the constitution, prohibiting the General Assembly from imposing taxes upon municipal corporations, or the inhabitants or property thereof, for corporate purposes.

3. Same—*rate authorized at time of levy controls.*  It is the maximum rate authorized at the time the taxes are levied by the city council or other taxing body which controls, and not the rate permitted at the time the taxes are extended by the county clerk.

4. Same—*proviso of 1917 excluding tax of certain sanitary districts from reduction statute is not repealed by subsequent amendments.*  The proviso of 1917 (Laws of 1917, p. 396,) excluding the taxes of certain sanitary districts from the provisions for the reduction of taxes under the Revenue act of 1901 (or Juul law) was not repealed by the re-enactment of section 2 of the latter act in making amendments thereto in 1919, 1921 and 1923, as the repetition of the provisions of section 2 in said amendments was not the enactment of a new law on the subject but merely the continuation of the old law with the amendments added.

5. Statutes—*retrospective operation must be clearly shown.*  A statute does not operate retrospectively unless the intention of the General Assembly to give it such effect is clearly and unequivocally shown by its provisions.

6. Same—*the repeal of a statute by implication is not favored.*  Where two statutes are seemingly repugnant, they should be so construed, if possible, that the later one may not operate to repeal the former by implication, and in all such cases if a construc-

tion can reasonably be given by which both acts will stand it will be adopted.

7. SAME—*repeating an act in an amendment does not constitute new law.* Where the General Assembly amends a statute and no change is made in parts of it, the portions repeated, either literally or substantially, are regarded as a continuation of the existing law and not as the enactment of a new law upon the subject.

APPEAL from the County Court of St. Clair county; the Hon. W. P. GREEN, Judge, presiding.

C. E. POPE, and H. F. DRIEMEYER, (E. C. KRAMER, C. P. HAMILL, JAMES A. FARMER, M. V. JOYCE, DAN McGLYNN, JOHN E. HAMLIN, JOSIAH WHITNEL, HENRY E. MILLER, and M. F. OEHMKE, of counsel,) for appellant.

HILMAR C. LINDAUER, State's Attorney, (F. J. TECKLENBURG, and D. E. KEEFE, of counsel,) for appellee.

J. L. FLANNIGEN, for the East Side Levee and Sanitary District.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The city council of East St. Louis on February 5, 1923, levied taxes for general corporate purposes aggregating $398,500 and additional taxes for specific purposes, among which were $60,000 for streets and bridges, $4700 for police pension fund and $12,000 for public benefits. In December, 1923, the county clerk of St. Clair county extended the sum of the city taxes at the rate of $1.96 on each $100 assessed valuation. This rate included $1.33⅓ for general purposes, twenty-four cents for streets and bridges, two cents for police pensions, four cents for public benefits, and the balance for other purposes. The New York, Chicago and St. Louis Railroad Company refused to pay the taxes extended for the three specific purposes mentioned, and upon application to the county collector for

judgment and order of sale filed objections to these taxes. The objections were overruled and judgment was entered. This appeal by the railroad company followed.

Appellant contends that on February 5, 1923, when the tax levy ordinance was passed, there was no statutory authority for the levy of taxes by the city of East St. Louis for street and bridge, police pension or public benefit purposes in addition to the maximum rate of $1.33⅓ on each $100 assessed valuation prescribed by section 1 of article 8 of the Cities and Villages act, and that the amendments to the several applicable statutes, (Laws of 1923, pp. 202, 252, 262,) all effective July 1, 1923, which authorize additional rates for the specific purposes in question, have no retrospective operation, and cannot be invoked to sustain taxes levied before their enactment in excess of the maximum rates authorized at the time of the tax levy.

Prior to July 1, 1923, there was no authority, in a city of the population of East St. Louis, to extend a tax for streets and bridges, police pensions or public benefits, in addition to the maximum rate of $1.33⅓ on each $100 assessed valuation. (Smith's Stat. 1921, art. 8, sec. 1, p. 221.) When the tax levy ordinance here involved was passed, the taxes for the three purposes specified were included within the statutory limitation for general purposes and the excess above that rate was void. (*People v. Louisville and Nashville Railroad Co.* 307 Ill. 173.) The unauthorized excess cannot be validated by a curative act, for such an act violates section 10 of article 9 of the constitution, which prohibits the General Assembly from imposing taxes upon municipal corporations, or the inhabitants or property thereof, for corporate purposes. (*People v. Illinois Central Railroad Co.* 311 Ill. 113; *People v. Illinois Central Railroad Co.* 310 id. 212.) Section 1 of "An act to authorize cities and villages, which include wholly within their corporate limits, a town or towns, to levy for street and bridge purposes a tax in addition to the amount authorized to be

levied for general purposes as provided by section 1 of article 8 of 'An act to provide for the incorporation of cities and villages,' " as amended, (Laws of 1923, p. 262) ; section 1 of "An act to provide for the setting apart, formation and disbursement of a police pension fund in cities, villages and incorporated towns in the State of Illinois having a population of not less than 5000 and not more than 200,000 inhabitants," as amended, (Laws of 1923, p. 252,) and section 33*b* of "An act concerning local improvements," as amended, (Laws of 1923, p. 202,) which authorize, respectively, taxes for streets and bridges, police pensions and public benefits in addition to the maximum for general city purposes, came into force on July 1, 1923. Hence these amendments became effective after the taxes had been levied by the city of East St. Louis. Even if the legislative power to give these amendments a retrospective operation were assumed, they contain no language which indicates an intention to give them that effect. A statute does not operate retrospectively unless the intention of the General Assembly to give it such effect is clearly and unequivocally shown by its provisions. (*People* v. *Chicago and Alton Railway Co.* 289 Ill. 282; *People* v. *Deutsche Gemeinde,* 249 id. 132.) It is the maximum rate authorized at the time the taxes are levied by the city council or other tax-levying body, and not the rate permitted at the time the taxes are extended by the county clerk, which controls. (*People* v. *Pittsburgh, Cincinnati, Chicago and St. Louis Railway Co. ante,* p. 410.) The objections to the taxes for streets and bridges, police pension fund and public benefits should have been sustained by the county court.

Appellant also objected to the tax of the East Side Levee and Sanitary District, and its objection was overruled. The county clerk extended the tax at the rate of $1.02 on each $100 assessed valuation, which rate was required to produce the amount levied. Appellant contends that the tax is within the provisions of "An act concerning

the levy and extension of taxes," approved May 9, 1901, as subsequently amended; (Laws of 1921, p. 763;) that if the tax had been reduced as required by that act it would have been extended at the rate of 45.1 cents on each $100 assessed valuation, and that the portion of the tax produced by the extension of a rate in excess of 45.1 cents is void.

The district in question was organized under "An act to create sanitary districts in certain localities and to drain and protect the same from overflow for sanitary purposes," approved May 17, 1907. (Laws of 1907, p. 289.) Section 17 of that act confers upon the boards of trustees of such districts the power to levy taxes for corporate purposes. Section 2 of "An act concerning the levy and extension of taxes," approved May 9, 1901, as originally enacted, (Laws of 1901, p. 272,) provided, among other things, that "the rate per cent of the tax levy of every county, city, town, township, school district, park district, sanitary district, road district, and other public authorities (except the State), shall be ascertained and determined (and reduced when necessary as above provided), in the manner herein-before specified, and shall then be extended by the county clerk upon the assessed value of the property subject there-to." While this section was amended in 1905, 1909, 1915, 1917, 1919, 1921 and 1923, (Laws of 1905, p. 365; Laws of 1909, p. 323; Laws of 1915, p. 572; Laws of 1917, pp. 662, 668; Laws of 1919, p. 772; Laws of 1921, p. 763; Laws of 1923, p. 484;) no change was made in the quoted portion except that in 1909 the word "village" was interpolated after the word "city," and by the amendment of 1915 the words "school district" were stricken out. So far, therefore, as sanitary district tax rates are concerned, they have been included in the act, by its express terms, from the time of its passage. (*People* v. *Chicago and Alton Railroad Co.* 248 Ill. 417; *People* v. *Toledo, St. Louis and Western Railroad Co.* 249 id. 175; *People* v. *Toledo, St. Louis and Western Railroad Co.* 254 id. 472.) Sec-

tion 17 of the act by authority of which the East Side Levee and Sanitary District was organized was amended in 1917 by adding thereto, in part, the proviso that the taxes therein provided to be levied should not be included in the aggregate of all the taxes required to be reduced under the provisions of an act entitled "An act concerning the levy and extension of taxes, approved May 9, 1901, in force July 1, 1901, and acts amendatory thereof." (Laws of 1917, p. 396.)

It is a maxim in the construction of statutes that where two acts are seemingly repugnant, they should be so construed, if possible, that the later one may not operate as a repeal of the former by implication, and in all such cases if a construction can reasonably be given by which both acts can stand it will be adopted. (*City of Rockford* v. *Schultz,* 296 Ill. 254; *People* v. *Wabash Railroad Co.* 276 id. 92.) The repetition of the words "sanitary district" in the successive amendments of 1919, 1921 and 1923 to the second section of the act approved May 9, 1901, does not constitute a repeal by implication of the proviso to section 17 of the act approved May 17, 1907. That proviso excludes only the taxes specified in it from the reducing or scaling process required by the act approved May 19, 1901, as amended, and modifies that act *pro tanto,* but it has no application to taxes levied by sanitary districts created by authority of any act other than the one under which the East Side Levee and Sanitary District was organized. Moreover, when the General Assembly amends a statute and no change is made in parts of it, the repeated portions, either literally or substantially, are regarded as a continuation of the existing law and not as the enactment of a new law upon the subject. (*People* v. *Lloyd,* 304 Ill. 23; *Svenson* v. *Hanson,* 289 id. 242.) The amendments to section 2 of the act approved May 9, 1901, made in 1919, 1921 and 1923, were not enactments of new laws upon the subject of the levy and extension of taxes, but constituted merely the continuation of the existing law with the re-

spective amendments added, modified by section 17 of the act approved May 17, 1907, as amended. There is no repugnancy between the two. Obviously the General Assembly intended that both should stand, and the objection to the sanitary district tax was properly overruled.

The judgment of the county court is affirmed so far as the sanitary district tax is concerned, but with reference to the street and bridge, police pension fund and public benefit taxes of the city of East St. Louis the judgment is reversed.

*Affirmed in part and reversed in part.*